471 So.2d 132 (1985)
Marvin WOODHAM and Pauline Woodham, Appellants,
v.
Louise M. ROY, J & L Roy, Inc., and Utica Mutual Insurance Company, Appellees.
No. 84-565.
District Court of Appeal of Florida, Fourth District.
June 5, 1985.
Rehearing Denied July 8, 1985.
*133 Barbara J. Compiani of Edna L. Caruso, P.A. and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellants.
Marjorie Gadarian Graham of Jones & Foster, P.A., West Palm Beach, for appellees.
HURLEY, Judge.
The principal issue on appeal is whether the trial court erred by unduly limiting the time for closing argument. Under the facts of this case, we conclude that twelve minutes  subdivided by counsel into eight minutes for opening and four minutes for closing  were palpably insufficient, constituting an abuse of discretion. Thus, we reverse.
This was a civil suit for negligent procurement of insurance. It arose out of a complicated fact pattern in which an insured sustained a money judgment which exceeded his insurance coverage. He then instituted the present suit against his insurance agent and the agent's carrier, contending that the agent had a duty to advise him about the availability of higher coverage. The case was tried to a jury.
At the conclusion of the first day of trial, the court informed counsel that it had to leave early the next afternoon and stated, "I assume by then you will finish the case." Then, referring to closing argument, the court stated, "I wouldn't think you would need more than 20 or 30 minutes for argument." Defendant/appellee's counsel responded, "I would say 30 minutes would be sufficient." Plaintiff/appellant's counsel stated, "It will take about a half an hour, 45 minutes." Nothing more was said on this issue.
Next morning, the defendant insurance agent testified. Her cross-examination was interrupted by several unreported sidebar conferences and, at the conclusion of cross-examination, plaintiff/appellant's counsel stated:
Your Honor, can we go on the record, please? I just want it on Plaintiff's evidence being limited on cross-examination, and I felt I was cut off and didn't get an opportunity to fully cross-examine, and also, as referred by the Court during that cross-examination, as it went on, my closing argument will be cut accordingly. Originally, we had said it would be 30 minutes and now it comes to 12 minutes.[1]
At this point, defendant/appellee's counsel also objected to the twelve minute limitation on closing argument. Nonetheless, the court adhered to its position. Thereafter, the jury returned a defense verdict and this appeal ensued.
Addressing time limits placed on closing argument in a criminal case, the Florida Supreme Court stated:
[T]he limitation of the time for argument must of necessity, within reasonable bounds, rest in the discretion of the trial court. This is the general rule. The right may be waived, but, when requested, reasonable time must be allowed. The question to be determined is what is reasonable time, and this depends upon the facts and circumstances of each case. No hard and fast rule can be prescribed. But, if it appear that the time for argument is unreasonably limited, such action will be held an abuse of discretion, requiring a reversal of the judgment for new trial.
May v. State, 89 Fla. 78, 103 So. 115, 116 (1925); see also Foster v. State, 464 So.2d 1214 *134 (Fla. 3d DCA 1984); Stanley v. State, 453 So.2d 530 (Fla. 5th DCA 1984); Neal v. State, 451 So.2d 1058 (Fla. 5th DCA 1984).
The fact that this is a civil proceeding does not mean that justice can be administered arbitrarily with a stopwatch. On the contrary, the rule of informed discretion announced in May v. State, supra, applies with equal force. See Daniel v. Rogers, 72 So.2d 391 (Fla. 1954); Potock v. Turek, 227 So.2d 724 (Fla. 3d DCA 1969), cert. dismissed, 238 So.2d 106 (Fla. 1970). In establishing the appropriate time limitation for closing argument, the court should consider the following factors: length of trial, number of witnesses, amount of evidence, importance of the case, number and complexity of issues, amount involved and press of time. In all events, the time must be reasonable and should permit counsel an adequate opportunity to relate the factual argument to the governing principles of law. See United States v. Sawyer, 443 F.2d 712 (D.C. Cir.1971).
The case at bar emerged from a complicated factual background and involved a claim for $30,000. It took a day and a half to select a jury and try the case. Although only three witnesses testified, one was an expert on insurance practices. Also, multiple written exhibits were introduced. All in all, this was not a simple case. Indeed, the trial court itself expressed the view that at least twenty minutes per side was appropriate for closing argument. Moreover, it appears that the court changed the announced time allocation during the closing moments of the defendant's case, long after both parties had prepared to argue for a substantially longer period of time.
Under these circumstances, we have no hesitancy in holding that the court's allocation of twelve minutes for plaintiff/appellant's closing argument constituted an abuse of discretion. Consequently, we reverse and remand for a new trial.
ANSTEAD, C.J., and SALMON, MICHAEL H., Associate Judge, concur.
NOTES
[1] Plaintiff's counsel, in an affidavit filed in support of a motion for new trial, provided the following amplification: "During the course of my cross-examination of the Defendant ... I was instructed at sidebar by the presiding judge ... to hasten my cross-examination. Minutes later, while at sidebar I was again instructed ... to hasten my cross-examination. I was further instructed that the longer I continued with cross-examination, time would be deducted from my closing argument."