491 So.2d 290 (1986)
Frances MALEH, Appellant,
v.
FLORIDA EAST COAST PROPERTIES, INC., a Florida Corporation, D/B/a Plaza Venetia Apartments, Appellee.
Nos. 85-149, 85-784.
District Court of Appeal of Florida, Third District.
July 1, 1986.
Horton, Perse & Ginsberg and Edward A. Perse and Ronald W. Jabara, for appellant.
Joe N. Unger; Stephens, Lynn, Chernay & Klein and Carl P. Stephens, Jr., for appellee.
Before HUBBART, DANIEL S. PEARSON and FERGUSON, JJ.
*291 PER CURIAM.
We reverse the final judgment under review and remand the cause for a new trial. In our view, the trial court abused its discretion in limiting (a) the opening statement of plaintiff's counsel to a mere five minutes, and (b) the closing argument of plaintiff's counsel to an equally scant fifteen minutes. These time limitations were, in our view, entirely arbitrary as no competent counsel could possibly have given an effective opening statement or closing argument within such time constraints under the circumstances of this case.
The law is well settled in this state that it is an abuse of discretion, and therefore reversible error, for a trial court to set arbitrary time limits on counsel's final argument to the jury in a criminal or civil case. May v. State, 89 Fla. 78, 81-82, 103 So. 115, 116 (1925); Woodham v. Roy, 471 So.2d 132, 133-34 (Fla. 4th DCA 1985); Foster v. State, 464 So.2d 1214, 1215-17 (Fla. 3d DCA 1984); Stanley v. State, 453 So.2d 530, 531 (Fla. 5th DCA 1984); Neal v. State, 451 So.2d 1058, 1059-60 (Fla. 5th DCA 1984). In particular, it has been held reversible error to limit counsel's closing argument to the jury to twelve minutes in a somewhat complicated civil action for negligent procurement of insurance in which three witnesses had testified. Woodham v. Roy, supra. This line of authority, in our view, is equally applicable to counsel's opening statement to the jury. Indeed, many experienced trial lawyers contend, and the available empirical jury studies tend to confirm, that an opening statement is frequently the most critical stage in the trial of a lawsuit, as here the jury forms its first and often lasting impression of the case. See e.g., J. Nolen, Trial Practice: Cases and Materials 55 (1981); J. Jeans, Trial Advocacy § 8.2 (1975).
Turning to the instant case, it is clear that we deal here, as in Woodham, with a somewhat complicated case in which, not three, but sixteen witnesses testified at trial over a period of two and one-half days of trial. Nine witnesses testified relating to liability issues, and seven witnesses testified relating to medical and damage issues. The action arose from an accident in an apartment elevator in which the plaintiff slipped in a puddle of water, fell to the floor on her back, and suffered a herniated lumbar disc and a cervical injury. Following extensive pretrial discovery, the issues of liability and damages were hotly contested by both parties at trial. As it was reversible error in Woodham to limit counsel's closing argument to twelve minutes, so too we think it was reversible error to limit counsel's opening statement herein to a mere five minutes and closing argument to an equally scant fifteen minutes.
After strongly protesting the trial court's five-minute limitation to his opening statement, plaintiff's counsel proceeded to make the best of a bad situation. He began his opening statement by telling the jury:
"I'm going to have to talk a little fast. The Judge has limited us to five minutes. So, I may pass over a few minutes but I'll try to hit on the salient points of what Mrs. Frances Maleh hopes to prove in her case in chief."
Although he said "it is not that complicated" a case, he added that "[i]t has been made complicated by the defendant, hopefully to confuse the jury." There follows a mere three pages of transcript in which counsel tried to outline, as best he could, what the testimony in the case would show. It was plainly a rushed presentation in which counsel was unable to preview the testimony of each of the sixteen witnesses or to go into any detail concerning the critical testimony relating either to the accident or the injuries and other damages suffered by his client. Unless one takes the view that an opening statement to the jury is nothing more than a bland, bare-bones overview of the case with no opportunity to delve into the critical details of the forthcoming testimony, we frankly fail to see how any reasonable person could say that plaintiff's counsel had anything approaching a fair opportunity to make an effective opening statement in this case.
*292 This error was further compounded by the trial court's arbitrary time limit of fifteen minutes for plaintiff's closing argument to the jury. After strongly protesting this time limit, plaintiff's counsel again tried to make the best of a bad situation. He began:
"May it please the Court, ladies and gentlemen of the jury. The Judge has given us only so much time for our closing arguments and if I talk a little fast, you will excuse me. I will try to touch the high points."
There follows an introduction covering but one page of trial transcript (Tr. 416-17), a review of the liability evidence and an argument thereon covering another three pages of trial transcript (Tr. 417-20), a review of the damages evidence and an argument thereon covering another three pages of trial transcript (Tr. 420-23), during which time counsel apologized to the jury, "I'm sorry for going so fast." Plainly, this was a rushed presentation in which counsel could not intelligently discuss the testimony of the sixteen witnesses who had testified at trial, much less make any rhetorical argument based thereon. Counsel was then allowed a brief rebuttal, after defense counsel's argument, wherein counsel in a mere three and a half pages of trial transcript (Tr. 434-38) tried, as best he could, to answer defense counsel's argument. This too was a rushed, scatter-gun presentation which had no real coherence to it. Unless one takes the view that counsel's final argument should be nothing more than a bird's-eye surface review of the case with no opportunity for an indepth analysis of the evidence presented, we fail to see how any reasonable person could say that plaintiff's counsel had a fair opportunity to argue his case to the jury.
One final point. Although the defendant suggests that the trial court limited plaintiff's counsel to a cumulative twenty minutes for opening statement and closing arguments, in which, presumably, counsel was free to divide his time any way he wished, we do not read the record that way as it is plain to us that counsel was given a flat five minutes for opening statement and a flat fifteen minutes for closing argument.[1] However, even if read as a twenty-minute *293 cumulative time limit for both opening statement and closing argument, the ruling was, in our view, plainly arbitrary as no competent counsel could possibly have given both an opening statement and a closing argument in this case, with any degree of effectiveness, in the short span of twenty minutes.
Reversed and remanded for a new trial.
NOTES
[1] At the outset of the trial, the trial court set the basic time parameters for opening statements and closing arguments:

"THE COURT: Now, I give you five minutes for opening statements.
MR. JABARA [PLAINTIFF'S COUNSEL]: Five minutes?
MR. MILLER [DEFENSE COUNSEL]: Twelve medical witnesses, ten lay witnesses?
THE COURT: It's not the purpose of opening statements to try the case. It's purpose is to give an outline. I don't give any more than that.
MR. JABARA: Your Honor, this case has been going on for two years, twenty depositions in this case. To limit us to five minutes in opening 
THE COURT: It's not the purpose to tell the jury what each and every witness is going to say. Five minutes is sufficient. I'm telling you ahead of time. Both of you are good attorneys. You have the capability of following the Court's instructions. At the end of five minutes, I will ask you to take a seat.
We will talk about closing later. Probably about fifteen minutes.
So, that is my position, sir. There are very few cases that justify more.
MR. JABARA: Your Honor, how can you limit us when we have worked so hard and long on a case like this.
THE COURT: How can I do it? I say there will be five-minutes opening and fifteen minutes closing and that is how I handle it. I will listen to the case and if I feel it warrants any additional time, I will tell you that.
MR. JABARA: How about seven minutes for opening?
THE COURT: And thirteen minutes closing."
Tr. 58-59 (emphasis added). Plainly, the trial court rules here that at the close of five minutes of opening statement, counsel would be required to take his seat, and that fifteen minutes would be the time limit for closing arguments. The trial court's comment at the end, in response to counsel's seven-minute opening statement request, appears entirely facetious, and only serves to underline the court's firm ruling that counsel had five minutes, and five minutes only, to complete his opening statement. Indeed, plaintiff's counsel told the jury immediately thereafter that he had only five minutes to make his opening statement.
At the close of all the evidence, the trial court reiterated that counsel had fifteen minutes for closing arguments:
"MR. JABARA: Judge, are you going to be in a better mood tommorrow?
THE COURT: I don't give more than fifteen minutes. This case has been so well presented by both sides that to give any more time than that would be a travesty. Do you realize how long fifteen minutes is?
MR. JABARA: I can't get by Raoul Pinero in fifteen minutes.
THE COURT: I would suggest that you practice your closing tonight and when you come in tomorrow you will be able to.
MR. JABARA: That is the heart of the case.
THE COURT: I think you are really putting too much importance on closing statements. I think that basically juries use good old common sense.
MR. JABARA: Are you giving me fifteen and five?
THE COURT: I'm giving you ten and five. You can split it up any way you like.
MR. JABARA: Twelve and four.
THE COURT: It's obvious, Mr. Jabara, that you went to night school.
I want them in my hands when I come in here in the morning.
(Thereupon, the proceedings were concluded for the day.)
NOVEMBER 2, 1985
(Thereupon, the following proceedings were had:)
THE COURT: Now, how do you want to be notified, Mr. Jabara? What do you want? At the end of fifteen minutes you will be asked to take a seat and I expect you to gracefully move to your chair.
MR. JABARA: I told her at seven minutes. That doesn't mean I want to sit down.
THE COURT: If you keep on talking, whatever you have left is what you have to go. Both of you will be kindly asked to take a seat and I can assure you that you will."
Tr. 413-15 (emphasis added).