495 So.2d 1238 (1986)
Jeannette STRONG, Appellant,
v.
MT. DORA GROWERS COOPERATIVE, a Florida Corporation and Bobby James, Jr., Appellees.
No. 85-1364.
District Court of Appeal of Florida, Fifth District.
October 23, 1986.
*1239 Deborah C. Edens and David D. Guiley, of Maher, Overchuck, Langa & Lobb, Orlando, for appellant.
Jonathan C. Hollingshead, of Pitts, Eubanks, Hannah, Hilyard & Marsee, P.A., Orlando, for appellees.
UPCHURCH, Chief Judge.
Jeannette Strong appeals an adverse finding that she has not sustained a permanent injury which met the threshold requirements of the Florida No Fault Law. Strong was injured while a passenger in a car which was struck by a truck driven by Bobby James, an employee of Mt. Dora Growers Cooperative.
Strong argues that the trial court abused its discretion in limiting counsel to twenty minutes in closing argument. We agree.
The day before closing arguments, the trial court informed the parties that if a charge conference were not required the court would allow thirty minutes for each side for closing arguments but, if a conference were required, counsel would be limited to twenty minutes. After the charge conference, Strong's counsel stated that he would like thirty minutes for closing arguments. This request was denied by the court. It is clearly an abuse of discretion for a court to make the length of closing argument contingent upon whether a *1240 charge conference is required. A party has a clear right to be heard on proposed charges. He is not required or expected to waive this right in order to obtain adequate time to present his closing arguments.
Ordinarily the length of time allotted to closing argument is left to the sound discretion of the trial court. See Rodriquez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985). In establishing the appropriate time limitations for closing argument, the court should consider the complexity of the testimony and issues, the number of witnesses, the length of their testimony, the seriousness of the case, and a host of other factors which distinguish one trial from another. Woodham v. Roy, 471 So.2d 132 (Fla. 4th DCA 1985). In all events, the time must be reasonable and should permit counsel an adequate opportunity to relate the factual argument to the governing principles of law. Id. For a court to set arbitrary time limits on counsel's closing argument to the jury is an abuse of discretion and therefore reversible error. Maleh v. Florida East Coast Properties, Inc., 491 So.2d 290 (Fla. 3d DCA 1986); Woodham v. Roy.
In this instance, there were over thirteen witnesses, twenty evidentiary exhibits and over five hundred pages of testimony. While this case turned on a single question, that is, whether the threshold requirements of the Florida No Fault Law were met, the final argument encompassed the entire dispute. Therefore, the court's error in making the length of closing argument contingent upon counsel waiving the charge conference was reversible error.
The Cooperative's argument that Strong failed to preserve this issue for review is without merit. Counsel for Strong clearly asked for more time, claiming that he could not present the case within the court's limitation, and after the charge conference he again requested more time. He is not required to say the magic words, "I object" when it is obvious this would be a futile act. See Thomas v. State, 419 So.2d 634 (Fla. 1982).
REVERSED and REMANDED for a new trial.
ORFINGER, J., concurs.
COWART, J., dissents without opinion.