**ANTONIO PULE aka ANTONIO PULE Jr., Appellant,**

v.

**AMERICAN SAMOA GOVERNMENT, Appellee.**

High Court of American Samoa
Appellate Division

AP No. 09-96

April 11, 1997

Before KRUSE, Chief Justice, GOODWIN,[*] Acting Associate Justice, WALLACE,[**] Acting Associate Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Appellants, David P. Vargas, Assistant Public Defender
For Appellee, Fainu`ulelei F. Ala`ilima-Utu, Assistant Attorney General

OPINION

KRUSE, Chief Justice.

### Procedural History

On April 16, 1996, appellant, Antonio Pule, was cited for Driving under the Influence (A.S.C.A. § 22.0707), Careless Driving Causing Injury and Property Damage (A.S.C.A. § 22.0701), and Not Possessing a Driver's License (A.S.C.A. § 20.0210). The nonpossession charge was dismissed prior to trial. Appellant entered pleas of not guilty and requested a jury trial, which was had on June 5, 1996. The jury unanimously found appellant guilty of both offenses. On June 7, 1996 appellant was sentenced to a suspended imprisonment term of two years and

---

[*] Honorable Alfred T. Goodwin, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.
[**] Honorable J. Clifford Wallace, United States Court of Appeal for the Ninth Circuit, serving by designation of the Secretary of the Interior.

suspension of his license for eight months. Appellant now appeals both the decision and the sentence.

## Discussion

The appellant presents five issues on appeal: 1) whether the guilty verdicts were clearly erroneous; 2) whether the trial court erred in only allowing each party two minutes for closing argument; 3) whether the conviction of multiple offenses violated A.S.C.A. § 46.3107(3) and (4); 4) whether appellant was penalized for exercising his right to jury trial; and 5) whether the court violated appellant's right to a fair trial.

## A. Sufficiency of Guilty Verdicts

First, appellant argues that there was no evidence of any injury, thus precluding a conviction of Careless Driving Causing Injury. However, Mr. Lolohea testified that his car door was pushed inward contacting his leg and as a result of the accident he experienced pain in his legs, side and back. (Tr. 12:5-11). A.S.C.A. § 46.3111(19) defines physical injury as "physical pain, illness, or any impairment of physical condition."

The findings of the trial court may not be set aside by the appellate division unless clearly erroneous. A.S.C.A. § 43.0801(b); *Uigalelei v. Ulufale*, 17 ASR 2d 158, 160 (App. Div. 1990). The jury obviously found Mr. Lolohea's testimony persuasive, and we do not believe this finding is clearly erroneous. Mr. Lolohea's testimony is more than sufficient for the jury to conclude that the appellant's careless driving caused injury or physical pain to one or more individuals.

Second, the appellant argues that the ASG did not prove beyond a reasonable doubt that the appellant was driving under the influence. Appellant's argument is premised on his assertion that the he had "spiked" chew in his mouth at the time of the breathalyzer test which rendered the test ineffective.

Again we review the jury's verdict for clear error. The record below reveals that the appellant, in attempting to overtake a vehicle that was turning off of the highway, crashed into it. Two police officers testified that they observed that appellant's eyes were red and that his breath smelled of alcohol. The appellant admitted to having drank two beers and a shot of tequila. The appellant failed the Horizontal Eye Nystagmus Test, and refused to perform the other two field sobriety tests. Further, the appellant's testimony, that he had tequila spiked tobacco in his mouth at the time of the breathalyzer, was contradicted by the appellant's wife's testimony. (Tr. 49:13-16, 66:21-67:5). Again we believe that jury's finding was not clearly erroneous. There was

9

substantial evidence presented at trial for the jury to find that the appellant was driving under the influence, quite apart from the results of the alco-sensor breath test.

B. Closing Argument

Appellant argues reversible error on the court's part in limiting closing arguments to two minutes, claiming that it deprived him of opportunity to fully and fairly present his defense. *See Woodham v. Roy*, 471 So.2d 132 (Fla.App. 4 Dist., 1985).[1] Appellant asserts that the case involved a novel, unique and complex defense, and that there were five witnesses. As such, appellant believes he was denied the opportunity to adequately present his case.

▇▇▇ A trial court has wide latitude and discretion in supervising the time limits, the scope, and the extent of argument and summation. *See Trawick v. Manhattan Life Ins. Co. of New York, N.Y.*, 484 F.2d 535, 538 (5th Cir. 1972). A trial court's decision on this matter is subject to review for abuse of discretion. *Id.* at 538-39. Regardless of the time allotted for closing argument, there was strong evidence to support the appellant's conviction. We doubt that extending time for closing arguments would have changed the jury's verdict. As such, we conclude that there was no abuse of discretion in this case.

▇▇▇ Moreover, as noted, counsel failed to object to the time limit. Generally when counsel fails to make a timely objection to some purported trial error, there must be a showing of plain error to afford a basis of reversal. *See United States v. Geise*, 597 F.2d 1170, 1199 (9th Cir. 1979). T.C.R.Cr.P. Rule 52(b) defines "plain error" as "errors or defects affecting substantial rights." As stated, the evidence against the appellant was overwhelming. Where the evidence against a defendant is so strong that the absence of the purported error would not have changed the jury's verdict, plain error is seldom found. *Id.* Since there was strong evidence to support the appellant's conviction, we believe that the trial

---

[1] The *Woodham* court stated, quoting the Florida Supreme Court, that:
> The limitation of the time for argument must of necessity, within reasonable bounds, rest in the discretion of the trial court. This is the general rule. The right may be waived, but, when requested, reasonable time must be allowed. The question to be determined is what is reasonable time, and this depends upon the facts and circumstances of the case.

*Id.* at 133 (quoting *May v. State*, 103 So. 115, 116 (1925))(emphasis supplied). The appellant, however, did not request that the time for argument be extended. Moreover, as explained above, we believe that the time limit was not unreasonable given the facts and circumstances of this case.

10

court's time limitation on closing arguments did not affect substantial rights of the appellant.

## C. Violation of A.S.C.A. § 46.3107(3) and (4)

■ Appellant argues that his conviction on both Driving Under the Influence and Careless Driving was in violation of A.S.C.A. § 46.3107(3), which states that a person cannot be convicted of more than one offense if:

(3) the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of conduct.

Appellant asserts that Careless Driving is the specific conduct which the Driving Under the Influence statute prohibits, but then also seems to assert that Driving Under the Influence is a merely a specific instance of Careless Driving.

We find that a violation of either statute is not necessarily a violation of the other. One can be sober and still drive carelessly, and one can be driving safely but be stopped at a roadblock and be charged with Driving Under the Influence.

## D. Penalization for Exercising Right to Jury Trial

■ Appellant claims that he was penalized for exercising his right to jury trial. He bases this claim on a certain comment by the trial judge to counsel during a conference in chambers and upon his belief that the sentences given for first offenders are usually more lenient then the one imposed on him.

During the pretrial conference, the trial court judge told counsel that if appellant were found guilty, he would be held in custody pending the court's sentencing. We do not believe that this constitutes a threat that the judge would penalize appellant for exercising his right to a jury trial. Further, the sentence handed down was well within the sentencing guidelines afforded under the applicable statutes. *See* A.S.C.A. §§ 46.1902, 22.0707, 22.0701, 46.2301, 46.2101, 46.2204, 22.0211 and 22.0212.

Since the judge did not threaten to impose a stricter penalty if the appellant failed to accept the plea bargain, and since the sentence was within the applicable guidelines, we are not persuaded that the trial court penalized the appellant for exercising his right to a jury trial.

11

E. <u>Violation of Right to Fair Trial</u>

 Again, appellant argues that he was prejudiced by the purported "threats" of the trial judge concerning the exercising of his rights to a jury trial. The judge also alerted the counsel as to the cost of a jury trial. Apparently appellant believes these statements "discouraged" him from seeking a jury trial. However, the appellant <u>received</u> a jury trial, and therefore there is no cognizable prejudice, regardless of whether he was "discouraged" or not.

## **Conclusion**

For the reasons stated above the judgment appealed from will be AFFIRMED.

It is so Ordered.