706 So.2d 107 (1998)
Ronald PETTRY, Appellant,
v.
Linda PETTRY, Appellee.
No. 97-790.
District Court of Appeal of Florida, Fifth District.
February 20, 1998.
Marcia K. Lippincott, Maitland, for Appellant.
Martin L. Haines, III, Lake Park, for Appellee.
ORFINGER, M., Senior Judge.
Ronald Pettry, the former husband (husband), appeals an order modifying an earlier dissolution judgment by converting rehabilitative alimony to permanent alimony, beginning on the date the rehabilitative alimony expired. For the reasons set forth, we reverse.
The former wife (wife) was 39 years old when the dissolution judgment was entered. During the thirteen and one-half year marriage she obtained an AA degree and then a BA. After the dissolution she applied for the nursing program at the University of Central Florida, but her application was rejected. She then was admitted to a private college where she obtained an MBA degree. Among other things, the dissolution judgment awarded her rehabilitative alimony in the amount of $2500 per month for a period of 48 months.
Prior to the expiration of the rehabilitative period, the wife filed a petition for modification, *108 alleging her inability to support herself despite her advanced educational degrees, and requesting conversion of the spousal support award to permanent alimony. The petition for modification proceeded to a hearing before a judge other than the judge who entered the original dissolution judgment.
The husband contends his due process rights were violated at the modification hearing when the trial judge denied him the opportunity to call witnesses and denied him the right to present closing argument. He also contends that the trial judge clearly expressed his disagreement with the original alimony award made by his predecessor, and set out to correct what he perceived to be a mistake, rather than apply recognized modification principles.
The wife was given an entire day, plus a short time on the second day to present her case, which included expert testimony to the effect that her mental or emotional health hindered her ability to work. The husband, on the other hand, was given forty five minutes during which he presented some witnesses, and when his attorney sought to call him to the stand and announced to this court he had other witnesses who were not yet present, the judge stopped him and asked who the witnesses were, and what they would testify to. Counsel replied that he wished to call a party by the name of "Hepp" regarding ownership of the house in which the wife lived, which she claimed she was renting; a witness by the name of Post; and he wanted to recall Dr. Weinstock and clarify whether she had diagnosed the wife's mental condition as the same at the time of the dissolution. Judge Dickey determined that Hepp's testimony was irrelevant and immaterial; Post's testimony was not permissible because it was offered to challenge the wife's credibility; and that Dr. Weinstock's testimony was not necessary. After making these determinations, the judge immediately announced his decision, without giving either party an opportunity to make closing argument.
Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on his behalf, Vazquez v. Vazquez, 626 So.2d 318 (Fla. 5th DCA 1993). and the denial of this right is fundamental error. See Lopez v. Lopez, 689 So.2d 1218,1219, n. 1. Moreover, due process requires that a party be given the opportunity to present closing argument. Strong v. Mt. Dora Growers Cooperative, 495 So.2d 1238 (Fla. 5th DCA 1986); Woodham v. Roy, 471 So.2d 132 (Fla. 4th DCA 1985); Chalk v. State, 443 So.2d 421 (Fla.App. 1984). Perhaps the additional witnesses would not have impressed the court, but the husband had the right to present them and to argue his case at the conclusion of all the testimony. Denial of those rights was harmful error.
We find no error in the trial court's acceptance of Marilyn Schleyer as an expert witness on the subject of the wife's mental or emotional health. According to the testimony presented, Schleyer had treated the wife's mental or emotional health problems while the wife resided in Kentucky. Schleyer had been licensed and board certified in psychiatric and mental health nursing and had been licensed to practice her profession in Kentucky for four years prior to her testifying here. She had also received her masters degree in counseling two years prior to this hearing. The trial judge has discretion to determine the qualification of and the range of subjects about which an expert witness will testify, and that determination will not be disturbed on appeal absent a clear showing of abuse of discretion. Mathieu v. Schnitzer, 559 So.2d 1244 (Fla. 4th DCA 1990); Guy v. Kight, 431 So.2d 653 (Fla. 5th DCA), rev. denied, 440 So.2d 352 (Fla.1983). To qualify as an expert witness, the witness must have such skill, knowledge or experience so as to make it appear that his or her opinion will aid the trier of fact in the search for the truth. See, § 90.702, Fla. Stat.; Fla. R. Civ. P. 1.390(a). Although Schleyer had never previously testified as an expert, this alone would not disqualify her. Everything must have its beginning. We find no abuse of the court's discretion in allowing her testimony.
For the reasons expressed, we reverse the final judgment of modification and remand the cause for a new hearing. Because the trial judge made it clear that he disagreed with the original judgment granting the wife rehabilitative rather than permanent alimony, *109 we direct a rehearing be assigned to another judge.
REVERSED and REMANDED.
COBB and HARRIS, JJ., concur.