727 So.2d 359 (1999)
A. Grayson WALKER, Appellant,
v.
Susan EDEL f/k/a Susan Walker, Appellee.
No. 98-2128.
District Court of Appeal of Florida, Fifth District.
February 26, 1999.
*360 Harry C. Greenfield of Harry C. Greenfield, P.A., Merritt Island, for Appellant.
Cris Bates Foster, Melbourne, for Appellee.
GOSHORN, J.
A. Grayson Walker appeals the contempt order entered against him for his failure to pay child support as ordered in the dissolution judgment and for his failure to pay the support arrearage of $13,017.08 within ten days of the dissolution order as also required therein. Walker argues he was denied due process at the contempt hearing because the trial court refused to allow him to present his case, call witnesses, or present closing argument. Walker also argues the contempt order must be reversed because the court erred in finding Walker had the present ability to pay the purge amount of $13,017.08. We reverse and remand for further proceedings.
After six years of marriage and the birth of one child, the parties filed for divorce. In the final judgment of dissolution, child support was set at $799.67 per month. The court found the child support arrearage at that time was $13,017.08 and ordered Walker to pay that amount within ten days, imputing income of $47,000 per year to Walker. Walker appealed.[1] During the pendency of the appeal, the former wife filed a motion for contempt asserting Walker's failure to pay the arrearage and the monthly support ordered in the final judgment. Walker's motion for stay pending appeal was denied.
At the contempt hearing, the former wife questioned Walker as an adverse witness and then called Alicia Keyes, the records custodian for NationsBank, to testify. It appears, although it is not clear, that Ms. Keyes brought evidence of several accounts bearing Walker's name. She did not know whether the accounts were open as of the time of the hearing. Walker's attorney contends Walker's name was on several of Walker's parents' accounts solely for inheritance purposes and that Walker's name was not on any signature cards for those accounts. Walker was not allowed to put on evidence supporting this argument.
Before Ms. Keyes was done testifying, the trial court announced the hearing would have to end soon. Walker's attorney asked for a continuation. The court reserved ruling, excused Ms. Keyes, and ordered counsel to summarize. The former wife made a closing argument. Walker's attorney objected that he had not yet put on his case. He pointed out he had not had Walker testify regarding the accounts testified to by Ms. Keyes and alleged that he was severely prejudiced. The court rejected his argument and rendered an order finding Walker in contempt for failing to pay the monthly support and the arrearage.
The trial court's refusal to hear Walker's defense was clearly error which affected the issue before the court. The former wife put on evidence of Walker's failure to pay the *361 ordered amounts and evidence that at least suggested Walker had the ability to pay. Walker had the burden of demonstrating that he no longer had the ability to make the payments ordered in the dissolution judgment and had the due process right to put on whatever evidence he could to carry that burden. See Pettry v. Pettry, 706 So.2d 107, 108 (Fla. 5th DCA 1998) ("Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on his behalf, and the denial of this right is fundamental error.") (citations omitted).
Walker also contends there was no competent evidence to support the court's finding that he had the present ability to pay the $13,017.08 purge amount, as is required under Bowen v. Bowen, 471 So.2d 1274, 1279 (Fla.1985). See also Cummins v. Cummins, 615 So.2d 173, 175 (Fla. 5th DCA 1993) ("Civil contempt requires the finding of willful failure to pay ordered support payments, and if incarceration is deemed appropriate, an affirmative finding that the contemnor possesses the present ability to comply with the purge order.") (citation omitted). "Even a person who has willfully or negligently divested himself of the ability to pay money as ordered cannot be incarcerated for civil contempt because he then does not have the ability to purge himself." Knowles v. Knowles, 522 So.2d 477, 479 (Fla. 5th DCA) (footnote omitted), rev. denied, 531 So.2d 1354 (Fla.1988).
Here, Walker testified that he had spent all of the money he received in the final dissolution judgment, and he owed creditors over $150,000. The former wife's evidence apparently showed Walker's name was on several bank accounts which would indicate he had the ability to pay. However, Ms. Keyes was unable to state whether the accounts were open as of the date of the hearing or whether Walker could access the accounts. Because Walker was not allowed to present evidence to rebut Ms. Keyes' testimony, no determination of present ability to pay could reasonably be made. A party cannot be incarcerated for civil contempt if he lacks the present ability to pay the purge amount, even where the party intentionally divested himself of that ability. See Knowles; Bowen at 1277 ("[W]ithout the present ability to pay from available asset, the contemnor holds no key to the jailhouse door."). Upon remand, should the court again find Walker in contempt, the court must find Walker has the present ability to pay the purge amount before it can order incarceration.
The contempt order is reversed and the cause remanded for a new contempt hearing at which both parties should be permitted to present their evidence.
REVERSED and REMANDED for further proceedings.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] In Walker v. Walker, 719 So.2d 977 (Fla. 5th DCA 1998), this court reversed all aspects of the final judgment except for the dissolution of marriage and remanded for the court to make specific findings to support any imputation of income.