ANTOON, C.J.
Victor T. Simmons appeals his convictions for delivery of cocaine[1] and possession of cocaine,[2] contending that the trial court abused its discretion in arbitrarily setting a time limit for defense counsel’s closing argument. We affirm.
Mr. Simmons was accused of selling crack cocaine to an undercover police officer. The transaction was videotaped and another police officer photographed Mr. Simmons immediately following the sale. At trial, the State called three witnesses: the undercover officer who purchased the cocaine, the officer who took the photograph, and the chemist who identified the substance sold as being cocaine. Mr. Simmons did not testify and did not call any witnesses. The sole theory of Mr. Simmons’ defense was that the police officers had mistakenly identified him as being the person who sold the cocaine to the undercover officer. The record does not indicate how long the testimony lasted, but the length of time between the beginning of voir dire of the jury until the conclusion of the evidence was 1 hour and 50 minutes.
At the conclusion of the testimony, the trial court asked counsel how much time they needed to argue the case to the jury. Counsel responded:
PROSECUTOR: Ten to 15.
THE COURT: Fifteen minutes?
DEFENSE COUNSEL: I don’t think it will be much longer than that, no matter what I do.
THE COURT: Let’s say 15 minutes.
Defense counsel bifurcated his closing argument; he argued initially and then following the State’s argument, he argued in rebuttal.
During rebuttal, the trial court advised defense counsel when he had two minutes remaining. Without objecting, defense counsel continued his rebuttal argument. After some time, the trial court advised defense counsel that he should wrap up his argument. Again, without objecting or requesting additional time, defense counsel continued his rebuttal argument. When it became clear that defense counsel was failing to bring his argument to a close, the following exchange took place:
THE COURT: All right. Thank you.
DEFENSE COUNSEL: Your Honor, I’m not quite finished yet, and I request a couple minutes to wrap up. This is very important.
THE COURT: I advised you you have
[[Image here]]
DEFENSE COUNSEL: I’m trying to go as fast as I can. I don’t think I’ve taken ...
THE COURT: Two more minutes.
*702 Defense counsel then concluded his argument after which he stated, “ I could address you a lot longer, but as courtesy to the court, I’m going to stop. But please examine this case very, very closely. Thank you very much.”
Generally, the time limit to be placed on closing arguments of counsel is left to the sound discretion of the trial court. See Rodriguez v. State, 472 So.2d 1294 (Fla. 5th DCA 1985). In setting a time limit, the trial court must consider the circumstances of the ease including “the complexity of the testimony and issues, the number of witnesses, the length of their testimony, the seriousness of the case, and a host of other factors which distinguish one trial from another.” Strong v. Mt. Dora Growers Coop., 495 So.2d 1238, 1240 (Fla. 5th DCA 1986)(citing Woodham v. Roy, 471 So.2d 132 (Fla. 4th DCA 1985)). In order for a time limit to be considered reasonable, the time limit must be sufficient to enable counsel to relate the facts of the case to the applicable principles of law. A trial court’s abrogation of this responsibility or its arbitrary establishment of a time limit on closing argument constitutes an abuse of discretion and reversible error. See Id.
Examination of the instant record reveals that in setting the time limit for defense counsel’s closing argument, the trial court considered the simplicity of the case, the brevity of the testimony, the nature of the defense, and the time requested by counsel as well as the time required to submit a meaningful argument to the jury. When the State stated that it needed only fifteen minutes, defense counsel did not object but instead stated that he did not think that he would need much more than that. Based on the statements of counsel, the trial court allocated fifteen minutes to each side. Relying on the agreed-upon time limit, the State concluded its closing within the allotted time. When defense counsel ran out of time during his rebuttal argument, he asked for and received additional time. Under these facts we cannot find any abuse of discretion. Accordingly, we affirm.
AFFIRMED.
DAUKSCH, J., concurs.
W. SHARP, J., dissents, with opinion.

. § 893.13(l)(a)l„ 893.03(2)(a)4„ Fla. Stat. (1997).

. § 893.13(6)(a), 893.03(2)(a)4., Fla. Stat. (1997).