SHEPHERD, C.J.
In this post-dissolution proceeding, Geoffrey Alexander Cole (the Father) appeals from an order which awarded Nancy S.Cole (the Mother) sole custody of the parties’ daughter, Samantha, for one month, without interference by the Father or the Father’s relatives. We reverse.
The parties’ marriage was dissolved in 2002, and pursuant to a settlement agreement incorporated in the judgment, the parties were granted shared parental responsibility of their minor children, Skye, now age seventeen, and Samantha, now age fourteen. The children primarily resided with the Mother with the Father having liberal visitation. Regrettably, the relationship between these parents post-dissolution has been less than amicable, giving rise to much litigation in the trial court and this court. See Goodstein v. Marriage of Cole, 121 So.3d 558 (Fla. 3d *125 DCA 2013); Cole v. Cole, 121 So.3d 1050 (Fla. 3d DCA 2013); Cole v. Ryan, 121 So.3d 1050 (Fla. 3d DCA 2013); Goodstein v. Cole, 121 So.3d 558 (Fla. 3d DCA 2013); Cole v. Cole, 95 So.3d 369 (Fla. 3d DCA 2012); Cole v. Cole, 77 So.3d 186 (Fla. 3d DCA 2012); Cole v. Cole, 972 So.2d 188 (Fla. 3d DCA 2007).
In February 2013, after a visit with the Father and his current wife, the children refused to return to the Mother. The Father alleged the children were refusing to return to the Mother because she verbally and emotionally abused them. The Mother, on the other. hand, claimed the Father and his current wife were alienating the children from her. The Honorable Antonio Marin heard the matter on the parties’ conflicting custody motions and decided a neutral evaluator was required. With the agreement of both parties, Judge Marin appointed Dr. Vanessa Archer and pending the evaluation, the children remained with the Father.
After meeting with the Mother, the Father, the Father’s current wife, and the children, Dr. Archer submitted her report, finding parental alienation was occurring within the family. Dr. Archer opined little could be done with regard to Skye, but recommended efforts be made to reconcile Samantha with the Mother. She urged Samantha immediately be returned to her mother, with the Mother having sole parental authority over decisions concerning Samantha. Dr. Archer further recommended that, for a period of time, the Father’s time-sharing with Samantha be restricted, Skye’s contact with Samantha be supervised, and there be no contact between Samantha and the Father’s current wife. Finally, Dr. Archer proposed Samantha engage in therapy to resolve her issues with her Mother. Not surprisingly, this report resulted in another flurry of motions and hearings.
After Judge Marin recused himself from the case, his successor, the Honorable Leon Firtel, held an evidentiary hearing on all pending motions.[1] The Mother’s direct examination consumed most of the first hearing day. On the second day, the Mother was cross-examined, one of the Father’s witnesses testified briefly out of order, and then Dr. Archer took the stand until after 6:00 p.m. When the Mother’s counsel rested, Judge Firtel announced he had heard enough, and proceeded to give his ruling over the Father’s objection that he had yet to present his case. Since then, Judge Firtel also recused himself and the Honorable George Sarduy took his place.[2]
We conclude that in ruling, without giving the Father an opportunity to present evidence, the trial court abused its discretion and violated the Father’s right to procedural due process. The constitutional guarantee of due process dictates a full and fair opportunity to be heard in judicial proceedings. The failure to give a party the chance to present witnesses or testify violates this fundamental right. Henderson v. Lyons, 93 So.3d 399 (Fla. 2d DCA 2012); see also Douglas v. Johnson, 65 So.3d 605 (Fla. 2d DCA 2011); Smith v. Smith, 964 So.2d 217 (Fla. 2d DCA 2007); Baron v. Baron, 941 So.2d 1233 (Fla. 2d DCA 2006); Pettry v. Pettry, 706 So.2d 107 (Fla. 5th DCA 1998). “[T]he right to be heard at an evidentiary hearing includes more than simply being allowed to be present and to speak. Instead, the *126 right to be heard includes the right to ‘introduce evidence at a meaningful time and in a meaningful manner.’ ” Baron, 941 So.2d at 1236 (quoting Brinkley v. County of Flagler, 769 So.2d 468, 472 (Fla. 5th DCA 2000)). As Judge Orfinger stated in Pettry, 706 So.2d at 108, “[p]erhaps the additional witnesses would not have impressed the court, but the husband had the right to present them and to argue his case at the conclusion of all the testimony.”
Accordingly, we reverse the judgment entered below and remand this cause for further proceedings. Upon remand, the trial court may, with the stipulation of the parties, re-open and conclude the prior evidentiary hearing, or, in the absence of such stipulation, must hold a new eviden-tiary hearing on the parties’ custody motions. See Alvord v. Alvord, 572 So.2d 925, 926 (Fla. 3d DCA 1990) (stating a successor judge, who does not hear evidence heard by his predecessor, may only enter judgment upon a retrial or if the parties stipulate to a ruling based on the record of the prior proceedings).
Reverse and remanded for further proceedings consistent with this opinion.

. Coincidentally, Judge Firtel was the judge assigned to the original dissolution proceedings and was familiar with the parties.

. The Father subsequently moved for Judge Sarduy’s disqualification, and this court denied the Father’s petition for writ of prohibition seeking immediate disqualification of the judge. See Cole v. Cole, 121 So.3d 1050 (Fla. 3d DCA 2013).