IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

LATOYIA S. BAILEY
GIDDINS, Wife,

     Appellant,

v.

JABRIEL K. GIDDINS,
Husband,

     Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-0653

Opinion filed November 6, 2014.

An appeal from the Circuit Court for Leon County.
Nina Ashenafi Richardson, Judge.

Gena D. Wagner and Patricia B. Fournier of Fournier, Norris & Wagner, PL,
Tallahassee, for Appellant.

Carolyn D. Cummings of Carolyn Cummings, P.A., Tallahassee, for Appellee.


WOLF, J.

     Appellant, the former wife, challenges the trial court's final order of

dissolution of marriage in which the court adopted and incorporated the parties'

marital settlement agreement. Appellant argues the court erred in entering the final

order over her objection and pending motion to set aside the marital settlement

agreement, without first giving her the opportunity to be heard and present

evidence. We agree. The trial court should have either permitted appellant to present argument and evidence contesting the adoption of the marital settlement agreement during the hearing on the former husband's petition for dissolution of marriage, or alternatively, the court should have deferred entering a final judgment until a hearing on appellant's motion to set aside the marital settlement agreement had been held. "'Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on his behalf, . . . and the denial of this right is fundamental error.'" Slotnick v. Slotnick, 891 So. 2d 1086, 1088 (Fla. 4th DCA 2004) (quoting Pettry v. Pettry, 706 So. 2d 107, 108 (Fla. 5th DCA 1998)). Thus, we reverse the final order of dissolution of marriage and remand for further proceedings. Because we reverse, we find it unnecessary to address the second issue raised by appellant.

REVERSED and REMANDED.

ROWE and OSTERHAUS, JJ., CONCUR.