IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

NICK PANEBIANCO, ESQ./
APPELLANT, THE FORMER
ATTORNEY FOR THE
EMPLOYEE/CLAIMANT/ELIZ
ABETH VASQUEZ,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D14-5501

       Appellant,

v.

JACKSON HEALTH SYSTEM
AND CANNON COCHRAN
MANAGEMENT SERVICES,
INC., AND ELIZABETH
VASQUEZ,

       Appellees.

_____/

Opinion filed January 25, 2016.

An appeal from an order of the Judge of Compensation Claims.
Stephen L. Rosen, Judge.

Date of Accident: November 3, 2007.

Nick J Panebianco of the Law Offices of Nick J. Panebianco, P.A., Fort Lauderdale,
and Wendy S. Loquasto of Fox & Loquasto, P.A., Tallahassee, for Appellant.

Richard S. Powers of Richard S. Powers, LLC, Coral Gables, and R.A. Cuevas, Jr.,
County Attorney, Miami, and Marlene P. Klein, Assistant County Attorney, Miami,
for Appellees.

PER CURIAM.

Because Mr. Panebianco was not afforded meaningful due process below, we vacate the order entered on November 3, 2014, and remand for a new evidentiary hearing at which he shall be heard and shall have the right to cross-examine witnesses. See Giddins v. Giddins, 151 So. 3d 54, 55 (Fla. 1st DCA 2014) (reversing for hearing to satisfy due process requirements that party have opportunity to be heard and call witnesses). See also § 90.502(4)(c), Fla. Stat. (2014) (no attorney-client privilege exists as to communications relevant to "an issue of breach of duty by the lawyer to the client or by the client to the lawyer, arising from the lawyer-client relationship"); R. Reg. Fla. Bar 4-1.6(c)(2) (lawyer may reveal confidential information to the extent the lawyer reasonably believes necessary "to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and client"). This disposition renders moot the other issues raised on appeal, on which we therefore express no opinion.

REVERSED and REMANDED for further proceedings.

ROBERTS, C.J., OSTERHAUS, and KELSEY, JJ., CONCUR.