DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HERBERT BENEDICT,**
Appellant,

v.

**LETA BENEDICT,**
Appellee.

No. 4D19-3266

[May 6, 2020]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. FMCE07-04313.

Jennifer A. Patti and Michael J. Alman of Greenspoon Marder LLP, Fort Lauderdale, for appellant.

Stephen J. McDonald of McDonald & Crawford, P.A., Fort Lauderdale, for appellee.

**CONFESSION OF ERROR**

PER CURIAM.

Appellant, Herbert Benedict ("Former Husband") and Appellee, Leta Benedict ("Former Wife") divorced in November 2007 and as a part of the Final Judgment of Dissolution, the trial court ordered Former Husband to pay Former Wife $1,200 a month in permanent periodic alimony. Since then, Former Husband has filed several pleadings seeking to either set aside that judgment or to modify the alimony award. This appeal is from the court's September 2019 order on Former Husband's amended petition to modify alimony. Former Husband alleges the trial court erred in failing to allow him to elicit former wife's testimony at the hearing on his amended petition and in failing to issue written findings as required under section 61.08, Florida Statutes (2019). Former Wife properly concedes error,[1] and we reverse.

---

[1] We note that Former Wife's confession of error was largely non-specific and did not identify which of the issues on appeal had merit.

"Procedural due process consists of notice and a meaningful opportunity to be heard." *Pagliaro v. Pagliaro*, 264 So. 3d 196, 198 (Fla. 4th DCA 2019). "[T]he right to be heard at an evidentiary hearing includes more than simply being allowed to be present and to speak. Instead, the right to be heard includes the right to 'introduce evidence at a meaningful time and in a meaningful manner.'" *Cole v. Cole*, 159 So. 3d 124, 125–26 (Fla. 3d DCA 2013) (quoting *Baron v. Baron*, 941 So. 2d 1233, 1236 (Fla. 2d DCA 2006).

At the hearing, Former Husband, who was representing himself, asked to call Former Wife as a witness to testify his assertion that her financial affidavit was fraudulent. The court did not rule on this request and instead proceeded to handle other matters during the hearing. As the court was calculating his arrears at the end of the hearing, Former Husband renewed his request to call Former Wife as a witness, but the court refused to allow him to do so stating that it would be futile. "Perhaps the additional witnesses would not have impressed the court, but the husband had the right to present them and to argue his case at the conclusion of all the testimony." *See Cole*, 159 So. 3d at 126 (quoting *Pettry v. Pettry*, 706 So. 2d 107, 108 (Fla. 5th DCA 1998)). Although the court did allow Former Husband to proffer some of his testimony regarding his allegations of the fraudulent affidavit, the right to be heard "includes more than simply being allowed to be present and speak." *Cole*, 159 So. 3d at 125.

In its order following the hearing, the court upheld Former Husband's requirement to pay permanent periodic alimony but reduced his payments to $500 a month due to his substantial change in circumstances. The court found that Former Wife still had a need for alimony and Former Husband still had the ability to pay despite his change in circumstances. However, to support maintaining the alimony award, the court must look at more than just Former Wife's "need;" it must also look at the factors under section 61.08(2), Florida Statutes (2019). Here, the trial court referred to the financial resources of the parties, which is one factor under section 61.08(2)(d), but other than this, there is no other indication that it considered any of the other factors in determining that Former Wife was still entitled to alimony. *See Rowe-Lewis v. Lewis*, 267 So. 3d 1039, 1042 (Fla. 4th DCA 2019); *accord Koski v. Koski*, 98 So. 3d 93, 94 (Fla. 4th DCA 2012).

We therefore reverse and remand this matter for a new hearing on Former Husband's amended petition and direct the trial court to prepare an order at the conclusion of the hearing that includes the required

findings of fact under section 61.08(2), and (9) if necessary,[2] to support any modified alimony award.

*Reversed and Remanded.*

DAMOORGIAN, GERBER and KLINGENSMITH, JJ., concur.

\*       \*       \*

**Not final until disposition of timely filed motion for rehearing.**

---

[2] Under section 61.08(9), the trial court is required to include "written findings of exceptional circumstances" if the alimony award will leave Former Husband with "significantly less net income than the net income of" Former Wife. *See Koski*, 98 So. 3d at 96.