DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**IVAN DOMNIN,**
Petitioner,

v.

**OKSANA DOMNINA,**
Respondent.

No. 4D23-412

[May 24, 2023]

Petition for writ of prohibition to the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Davis, Judge; L.T. Case No. FMCE21015969.

Andre G. Raikhelson of Trayber Raikhelson Law Group, PLLC, Boca Raton, for petitioner.

Meaghan K. Marro of Marro Law, P.A., Plantation, for respondent.

GERBER, J.

We grant the husband's petition for writ of prohibition, quash the circuit court judge's order denying the husband's verified motion for disqualification, and direct that the parties' dissolution action be reassigned to a different circuit court judge. We base our holding on the husband's sworn allegation that the circuit court judge did not allow him to present his case-in-chief at the hearing on the wife's motion for temporary alimony and temporary attorney's fees before the circuit court judge entered an order granting the wife's motion.

We can appreciate the circuit court judge's understandable frustration, expressed several times during the hearing, regarding the hearing's length, and what the circuit court judge perceived as the parties' lack of focus on the required factual determinations to be made on the motion. Our review of the transcript indicates that the hearing's length was attributable to a variety of factors: the husband's trial counsel's arguments at the hearing's outset on whether and how a foreign judgment affected the circuit court's consideration of the wife's motion; detailed witness examinations during the wife's case-in-chief by both the wife's trial counsel and the husband's

trial counsel; and the difficulties inherent in conducting a Zoom hearing requiring interpreters.

However, when the first hearing's allotted time had expired, and then the added second hearing's time had expired, the circuit court judge requested the parties to submit written closing arguments, even though the husband had not been given the opportunity to present his case-in-chief. The husband's counsel stated: "I would request that the court hold off on allowing closing arguments for us to present our case in chief. It's a due process concern." The circuit court judge responded:

> The court typically gives about an hour for these types of hearings. We have now had over three. It's a balancing test between the needs for both parties. In terms of due process, again, typically, and this court has issued a pre -- maybe I did or maybe I didn't. I do issue a typical sort of prehearing order on these temporary fee hearings. It has been quite a bunch of time. Now, not all that time was used well on both sides, but we are where we are.

After the parties submitted their written closing arguments, the circuit court judge entered a detailed order making findings of fact and granting the wife's motion for temporary alimony and temporary attorney's fees.

Two days later, the husband filed a motion to disqualify the circuit court, basing his argument on various authorities, including our decision in *Castillo v. Castillo*, 150 So. 3d 1255, 1255 (Fla. 4th DCA 2014) ("We grant petitioner's petition for writ of prohibition, based on his sworn allegation that the trial court failed to allow him to present argument or additional evidence prior to ruling on respondent's motion for temporary support in this post-dissolution proceeding. We find that this allegation is sufficient to place a reasonably prudent person in fear of not receiving a fair hearing on his legal claims.").

The circuit court judge entered an order denying the husband's motion for disqualification as legally insufficient. This petition followed.

Again, we can appreciate the circuit court judge's frustration and desire to manage the very busy docket which our trial judges face every day. And from our review of the transcript, this hearing could have and should have taken less time. However, the circuit court's termination of the hearing without the husband having been given an opportunity to present his case-in-chief before the circuit court ruled on the wife's motion was a

denial of due process. As we held in *Julia v. Julia,* 146 So. 3d 516 (Fla. 4th DCA 2014):

> "Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on the party's behalf ... and the denial of this right is fundamental error." *Minakan v. Husted,* 27 So. 3d 695, 698 (Fla. 4th DCA 2010) (quoting *Pettry v. Pettry,* 706 So. 2d 107, 108 (Fla. 5th DCA 1998)). The opportunity to be heard must be "full and fair, not merely colorable or illusive." *Pelle v. Diners Club,* 287 So. 2d 737, 738 (Fla. 3d DCA 1974) ("[W]e find that the trial court erred in failing to grant the appellant an opportunity to present his case-in-chief and, therefore, he was denied the protection afforded by the constitutional guarantee of due process of law."); *see also Walker v. Edel,* 727 So. 2d 359, 360 (Fla. 5th DCA 1999) (finding a trial court's refusal to hear a party's defense was "clearly error which affected the issues before the court").
>
> ... Although the trial court made statements that the parties would be given equal time and that the Wife would get the opportunity to present her case-in-chief, no such opportunity was presented. The Wife was not able to call any witnesses on her behalf or present argument of counsel at the end of the Husband's case in violation of the guarantees of due process.
>
> Additionally, this Court has recognized that justice cannot be "administered arbitrarily with a stopwatch," yet that is what happened in the instant case. *See Woodham v. Roy,* 471 So. 2d 132, 134 (Fla. 4th DCA 1985).

*Id.* at 520.

Based on the foregoing, we are compelled to grant the husband's petition for writ of prohibition, consistent with our holding in *Castillo.*

*Petition granted.*

FORST and ARTAU, JJ., concur.

* * *

***Not final until disposition of timely filed motion for rehearing.***