PER CURIAM.
 

 In this dissolution of marriage case, the husband filed a motion to disqualify the wife’s attorneys. The circuit court entered an order granting the motion. The wife has filed a petition for writ of certiorari seeking to quash the order. We grant the petition because the circuit court did not hear the wife’s evidence before entering its order.
 

 In the motion, the husband alleged that, during the marriage, he and the wife had access to each other’s e-mail account. After the husband filed a petition to dissolve the marriage, he changed the password on his account. According to the husband, the wife somehow “hacked” into the husband’s account, and found an e-mail from the husband to his attorney. The wife’s sister forwarded the e-mail to the wife’s attorney. The wife’s attorney recognized that the e-mail was an attorney-client communication, and sent the husband’s attor
 
 *697
 
 ney a letter returning the e-mail. However, the husband alleged that, because the wife’s attorney read the e-mail, the wife obtained an unfair advantage which justified disqualifying the wife’s attorney. The husband also sought sanctions against the wife for “breaking into the husband’s email.”
 

 The -wife hired a second attorney to represent her on the motion. In a written response, the wife contended that she did not “hack” into the husband’s e-mail account, but rather used the same password she always had used. Therefore, the wife alleged, the husband failed to treat the email as confidential and waived any privilege claim over it. The wife also argued that the e-mail’s contents demonstrated that its purpose was to enable the husband to commit a crime or fraud upon her in the dissolution, thus falling under the “crime/ fraud exception” to the attorney-client privilege.
 
 See
 
 § 90.502(4)(a), Fla. Stat. (2009) (“There is no lawyer-client privilege under this section when ... [t]he services of the lawyer were sought or obtained to enable or aid anyone to commit or plan to commit what the client knew was a crime or fraud.”).
 

 In addition to filing a response to the motion, the wife propounded a request for production upon the husband. The request sought “e-mails between the Husband and his counsel wherein the Husband seeks assistance and/or advice in the perpetration of a fraud in the current dissolution of marriage action.” Based on the request, the husband’s attorney assumed that the wife’s second attorney read the email and was referring to his interpretation of it. The husband’s attorney responded to the request by faxing a copy of the e-mail to the wife’s second attorney on the morning of the hearing on the motion. The second attorney later claimed this was the first time he saw the e-mail.
 

 At the hearing, the circuit court first heard the parties’ arguments. The husband contended that his e-mail was not intended to commit a fraud. Rather, the husband claimed that he merely was seeking his attorney’s advice on a financial matter involving his medical partnership. The husband also sought to disqualify the wife’s second attorney based on the second attorney reading the e-mail. The wife’s opening statement mirrored her response to the motion.
 

 The court then proceeded to hear testimony. The husband testified consistently with his motion and discussed the e-mail’s contents. The husband also called his medical partnership’s administrator to testify regarding the e-mail’s contents.
 

 After the husband rested, the court began addressing the issues. The wife’s attorney interjected that the court had not allowed the wife to testify regarding how she obtained the e-mail. The court did not respond. Instead, the court began ruling. The court found that the crime/fraud exception did not apply. The court reasoned that the husband was not attempting to solicit his attorney to commit a crime or fraud, but simply was asking questions of his attorney.
 

 The court then asked whether there was some way the issue could be resolved, other than disqualifying the attorneys, if it found the attorney-client privilege was violated. The wife’s attorney responded by reminding the court that it still had not heard any testimony from the wife’s side. After a brief discussion on another topic, the court stated:
 

 What I’ve been trying to do is figure out if there’s some other way short of requiring the attorneys to be removed from the case to handle this, and I don’t know that I can come up with any other way ... I don’t know that I can really say whether or not this issue would be
 
 *698
 
 raised in normal discovery, whether there is some advantage gained by having this information.
 

 The wife’s attorney again told the court that the wife still had not been allowed to testify to refute the allegation that the wife “hacked” into the husband’s e-mail account. The court responded that it did not know whether the wife’s testimony would make a difference. The court explained that, even if it accepted the wife’s argument that the husband failed to protect the e-mail, the harm occurred when the wife had the e-mail forwarded to her attorney. The court then found that the only remedy was to grant the motion disqualifying the wife’s attorneys.
 

 This petition followed. In
 
 Manning v. Cooper,
 
 981 So.2d 668 (Fla. 4th DCA 2008), we recognized that “[c]ertiorari lies to review orders on motions to disqualify counsel.”
 
 Id.
 
 at 670. We then set forth the standard of review:
 

 The petitioner has the burden to demonstrate that the trial court order constituted a departure from the essential requirements of law resulting in material harm of an irreparable nature.
 

 As we said in
 
 Alexander v. Tandem Staffing Solutions, Inc.,
 
 881 So.2d 607, 608-09 (Fla. 4th DCA 2004):
 

 “Disqualification of a party’s chosen counsel is an extraordinary remedy and should only be resorted to sparingly.” Motions for disqualification are generally viewed with skepticism because disqualification of counsel impinges on a party’s right to employ a lawyer of choice, and such motions are often interposed for tactical purposes. Confronted with a motion to disqualify, a court must be sensitive to the competing interests of requiring an attorney’s professional conduct and preserving client confidences and, on the other hand, permitting a party to hire the counsel of choice.
 

 Orders on motions to disqualify are reviewed under a standard of abuse of discretion. The trial court’s discretion is governed by the controlling legal principles, but the appellate court will not substitute its judgment for the trial court’s express or implied findings of fact which are supported by competent substantial evidence.
 

 Id.
 
 at 670-71 (other internal citations omitted).
 

 The wife raises several arguments, the first of which is dispositive. The wife contends that the court violated her right to due process by not allowing her to testify and present other evidence on the factual question of whether the husband failed to treat the e-mail as confidential, thereby waiving the privilege. The husband responds that whether he failed to treat the e-mail as confidential is irrelevant because there was no question the wife had the email forwarded to her attorney, thus rendering her testimony unnecessary.
 

 We agree with the wife that she did not receive due process. “Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on [the party’s] behalf ... and the denial of this right is fundamental error.”
 
 Pettry v. Pettry,
 
 706 So.2d 107, 108 (Fla. 5th DCA 1998) (internal citation omitted);
 
 see also Slotnick v. Slotnick,
 
 891 So.2d 1086, 1089 (Fla. 4th DCA 2004) (circuit court committed reversible error when it summarily disposed of factual issues by informally discussing them with attorneys without allowing either party to present evidence; summary process, while initially appearing efficient, denied former wife due process).
 

 The wife’s evidence may have been relevant to her argument that the husband failed to treat the e-mail as confidential
 
 *699
 
 and waived any privilege claim over it.
 
 See
 
 § 90.502(l)(c), Fla. Stat. (2009) (“A communication between lawyer and client is ‘confidential’ if it is not intended to be disclosed to third persons.... ”); § 90.507, Fla. Stat. (2009) (“A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if the person ... makes the communication when he or she does not have a reasonable expectation of privacy... .”);
 
 Delap v. State,
 
 440 So.2d 1242, 1247 (Fla.1983) (“[W]hen a party ... ceases to treat the matter as confidential, it loses its confidential character.”). The wife’s evidence also may have been relevant to whether the wife acted in bad faith in discovering and forwarding the e-mail.
 
 See Bitterman v. Bitterman,
 
 714 So.2d 356, 365 (Fla.1998) (discussing the “inequitable conduct doctrine” which “permits the award of attorney’s fees where one party has exhibited egregious conduct or acted in bad faith”).
 

 Even if the wife’s evidence would not have impressed the court, a party has the right to present evidence and to argue the case at the conclusion of all the testimony.
 
 Pettry,
 
 706 So.2d at 108. Thus, it is necessary to grant the wife’s petition, quash the order disqualifying her counsel, and remand for continuation of the hearing, at which the wife may present her evidence.
 

 Although we could end our review with the wife’s first argument, we choose to address the wife’s other arguments, as they may repeat themselves on remand.
 

 The wife argues that, if the e-mail was privileged, the court failed to consider whether she obtained an unfair advantage by obtaining the e-mail.
 
 See Manning,
 
 981 So.2d at 671 (“The trial court can take into account whether the party obtaining the privileged material actually obtained an unfair advantage.”). Citing the court’s statement that it did not know whether there was some advantage gained by having the e-mail, the wife contends that the court apparently disqualified the wife’s attorneys under the premise that disqualification was required. The husband responds that, based on the court’s question of whether there was “some other way this can be resolved other than requiring the two attorneys to withdraw,” the court did not act under the premise that disqualification was required. However, the husband argues that the mere possibility the wife gained an advantage warrants disqualification, citing our statement in
 
 Gen. Accident Ins. Co. v. Borg-Warner Acceptance Corp.,
 
 483 So.2d 505 (Fla. 4th DCA 1986): “[T]he possibility that such an advantage did accrue warrants resort to this drastic remedy for the sake of the appearance of justice, if not justice itself, and the public’s interest in the integrity of the judicial process.”
 
 Id.
 
 at 506.
 

 The husband’s reliance on
 
 General Accident
 
 is misplaced. In
 
 Applied Digital Solutions, Inc. v. Vasa,
 
 941 So.2d 404 (Fla. 4th DCA 2006), we clarified
 
 General Accident
 
 by holding,
 
 “General Accident ...
 
 does not state a rule of automatic [disqualification], and our subsequent opinions have noted the unique nature of the factual circumstances in that case. Instead, in each case, the court must exercise its sound judgment.”
 
 Id.
 
 at 408 (emphasis in original; internal citations omitted). Despite the husband’s misplaced reliance on
 
 General Accident,
 
 we agree with the husband that, based on the court’s question regarding options other than disqualification, the court recognized there is no rule of automatic disqualification any time the opposing side obtains privileged documents.
 
 Manning,
 
 981 So.2d at 671. However, based on the court’s statement that it did not know whether the wife gained some advantage by having the e-mail, the record does not suggest the court took
 
 *700
 
 that factor into account before disqualifying the wife’s attorneys. The record also does not indicate whether the court considered the possible lesser remedies of precluding any discovery based on the e-mail’s contents, precluding the use of the e-mail at trial, or both. On remand, the court can consider those matters further.
 

 The wife next argues that the court erred in concluding the e-mail did not fall under the crime/fraud exception. It does not appear that the wife has sought remand to present evidence on this issue. Thus, based' on the evidence which the husband presented at the hearing, we find that the court did not abuse its discretion on this issue.
 

 The wife lastly contends that the court erred in not concluding that the husband waived the privilege when: (1) his attorney faxed the e-mail to her attorneys in preparation for the hearing; and (2) when the husband testified about the email’s contents at the hearing. We agree with the husband’s response that, because the wife raised the crime/fraud exception, it was necessary for him to disclose the email’s contents to refute the crime/fraud allegation.
 

 In sum, because the court did not allow the wife to testify and present other evidence, we grant the wife’s petition, quash the order disqualifying her counsel, and remand for continuation of the evidentiary hearing. The court should determine whether the husband treated the e-mail as confidential and, if so, whether the wife gained an unfair advantage in discovering it and having it forwarded to her attorney. If the court determines that the wife gained an unfair advantage, then disqualification of the wife’s attorneys may be appropriate. Regardless of whether the wife gained an unfair advantage, however, disqualification and other sanctions still may be appropriate under the “inequitable conduct doctrine” if the court finds that the wife, in bad faith, discovered the e-mail and had it forwarded to her attorney. If disqualification is not appropriate, the court can consider lesser remedies, such as precluding any discovery based on the email’s contents, precluding the use of the e-mail at trial, or both.
 
 [1]
 

 Petition granted.
 

 STEVENSON, DAMOORGIAN and GERBER, JJ., concur.
 

 [1]
 

 . The court should not apply the five-factor test outlined in
 
 General Motors Corp. v. McGee,
 
 837 So.2d 1010, 1040 (Fla. 4th DCA 2002), because that test applies to "inadvertent disclosures,” which neither party alleges occurred here.