PER CURIAM.
Petitioner S.L. Wade (“the Mother”) seeks the issuance of a writ of prohibition following an order denying, as legally insufficient, an initial motion for disqualification of the trial judge. The standard of review of a trial court’s determination on a motion to disqualify is de novo. MacKenzie v. Super Kids Bargain Store, Inc., 565 So.2d 1332 (Fla.1990).
Having reviewed the petition and the response thereto, we conclude that the facts alleged in the motion to disqualify, which must be taken as true,[1] “would create in a reasonably prudent person a well-founded fear of not receiving a fair and impartial trial.” Rodriguez, 919 So.2d at 1274.
As set forth in the sworn motion to disqualify, the trial judge held a hearing on the emergency motion of Respondent, D.T. Wade (“the Father”), seeking to suspend the Mother’s timesharing. The Father presented, as his first witness, the parenting coordinator. During his testimony, the parenting coordinator began listing several “recommendations” which *698 he believed should be implemented. The trial judge stopped the witness during his direct testimony and announced that the court was adopting one of these “recommendations.” The Mother objected to the court making such a determination without affording her an opportunity to cross-examine the Father’s witness or to present her own evidence on the issue.
Further, at the conclusion of the hearing, the trial court on its own ordered that the mother undergo a psychological evaluation. The Mother objected and requested the opportunity to present testimony from her expert witness (a psychiatrist, who was present at the hearing) before the court ordered such an evaluation. The trial court denied this request.
By announcing its ruling, adopting one of the recommendations of the Father’s witness before the Mother was afforded an opportunity to cross-examine the witness or present any evidence on the issue, and by ordering a psychological evaluation of the Mother, again without giving the Mother an opportunity to present evidence, the trial judge denied the Mother a most basic right of due process and reasonably caused her to fear that she would not receive a fair and impartial hearing.
We grant the writ of prohibition. We withhold formal issuance of the writ, confident that the trial judge will promptly issue an order of disqualification. We remand this cause for reassignment to a successor judge and for further proceedings consistent with this opinion.[2]

. In considering an initial motion to disqualify, the trial court "shall determine only the legal sufficiency of the motion and shall not pass on the truth of the facts alleged.” Fla. R. Jud. Admin. 2.330(f); Rodriguez v. State, 919 So.2d 1252, 1274 (Fla.2005).

. It should be noted that, in an opinion released simultaneously with this opinion, this Court granted the Mother's petition for writ of certiorari and quashed a portion of the same order which forms a basis for the instant petition. See Wade v. Wade, No. 3D13-2317, 124 So.3d 369, 2013 WL 5735321 (Fla. 3d DCA Oct. 23, 2013).