IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

DOUGLAS M. WYCKOFF,

      Petitioner,

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

v.

MELISSA K. CAVANAUGH
f/k/a MELISSA K. WYCKOFF,

      Respondent.

_____/

CASE NO. 1D15-1646

Opinion filed May 15, 2015.

Petition for Writ of Prohibition -- Original Jurisdiction.

Douglas M. Wyckoff, pro se, Petitioner.

James C. Campbell and Clark H. Henderson, Shalimar, for Respondent.

PER CURIAM.

      Petitioner, the former husband in this post-dissolution proceeding, filed a petition for writ of prohibition to review the trial court's order denying his verified motion to disqualify the trial judge. The motion alleged that the judge refused to allow Petitioner to cross-examine Respondent, the former wife, during an evidentiary hearing

on the former wife's emergency motion to temporarily suspend the former husband's timesharing and visitation. We agree with the former husband that, based on this allegation,[1] the motion to disqualify was legally sufficient and should have been granted. See Wade v. Wade, 123 So. 3d 697, 698 (Fla. 3d DCA 2013) (granting petition for writ of prohibition and explaining that the judge's refusal to allow a mother in a timesharing proceeding to conduct cross-examination "denied the Mother a most basic right of due process and reasonably caused her to fear that she would not receive a fair and impartial hearing"); Zuchel v. State, 824 So. 2d 1044, 1046 (Fla. 4th DCA 2002) (granting petition for writ of prohibition and rejecting argument that the judge's refusal to allow defense counsel to cross-examine the victim was merely a complaint about an adverse ruling because "the *outright denial* of the basic and fundamental right of cross-examination . . . would give a reasonably prudent person a well-founded fear of judicial bias") (citation omitted; emphasis in original). Accordingly, we grant the petition for writ of prohibition and remand for the assignment of a new trial judge.[2]

---

[1] The other allegations in the motion are legally insufficient or untimely. See Jackson v. State, 599 So. 2d 103, 107 (Fla. 1992) (holding that adverse rulings are not a legally sufficient basis for a motion to disqualify); Fla. R. Jud. Admin. 2.330(e) (requiring a motion to disqualify to be filed within 10 days after the grounds for the motion are discovered).

[2] We have not overlooked Respondent's contention that the allegations in the motion are not an accurate description of what happened at the hearing and we find some possible support for this contention in the transcript excerpts filed by Respondent with her response in opposition to the petition for writ of prohibition. However, because we are required to accept the allegations in the motion as true, see Siegel v. State, 861 So.

PETITION GRANTED.

LEWIS, C.J., WETHERELL and RAY, JJ., CONCUR.

---

2d 90, 92 (Fla. 4th DCA 2003) (citing MacKenzie v. Super Kids Bargain Store, Inc., 565 So. 2d 1332 (Fla. 1990)), we leave it to the Florida Bar to take appropriate action against Petitioner if it turns out that the allegations in the motion concerning the denial of cross-examination are refuted by the record and were merely a subterfuge to obtain a new judge in this proceeding.