KELSEY, J.
Appellant challenges the trial court’s Order on Petition to Modify, which transferred majority time-sharing of the parties’ minor child to the Appellee, established a new parenting plan, and suspended Appel-lee’s child support obligation. Appellant argues that the Order was entered in violation of her due process rights, because the trial court continued the final hearing so that Appellant could have additional time to present testimony from four witnesses and so that Appellee could cross-examine them, but then entered the Order without completing the final hearing. ' We agree, and reverse.
It' was undisputed that Appellant had disclosed her witnesses before trial, and as it became clear that there would not bé enough time to complete testimony and cross-examination, both parties requested additional time. The trial court agreed to continue the trial, and the parties set a new date to finish the trial. However, the trial court entered the Order on review three weeks before the date set for completing the trial, inexplicably and apparently without advance notice to either party. The trial court’s entry of a final order without allowing the parties to complete presenting evidence and argument constituted a denial of due process; See Julia v. Julia, 146 So.3d 516, 520 (Fla. 4th DCA 2014) (holding that the wife was denied due process where the court stopped the proceedings to complete trial in one day, thus, preventing the wife from calling witnesses and presenting closing argument); Pettry v. Pettry, 706 So.2d 107, 108 (Fla. 5th DCA 1998) (“Due process requires that a party be given the opportunity to be heard and to testify and call witnesses on his behalf ... and the denial of this right is fundamental error.”); see also Minakan v. Husted, 27 So.3d 695, 699 (Fla. 4th DCA 2010) (“Even if [a party’s] evidence would not have impressed the court, a party has the right to present evidence and to argue the case at the conclusion of all the testimony.”). Accordingly, we reverse the Order and remand for further proceedings on Appellee’s Petition to Modify.
Appellant also argues that the trial judge who entered the Order should be disqualified from presiding over further proceedings in this matter because the abrupt entry of a final order without allowing Appellant to finish presenting evidence and argument demonstrated bias against Appellant. See Wyckoff v. Cavanaugh, 164 So.3d 165 (Fla. 1st DCA 2015) (citing cases holding that denial of due process is valid basis for disqualification of trial judge). Appellant did not file a motion to disqualify the trial judge below in compliance with Florida Rule of Judicial Administration 2.330, probably because thé very Order that Appellant believes evidenced bias' also simultaneously ended proceedings below, and Appellant promptly appealed. We therefore do not have an order on disqualification to review.
REVERSED and REMANDED for further proceedings,
ROBERTS, C.J. and SWANSON, J., concur.