IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MICHELE HAYWOOD,
F/K/A MICHELE BACON,

        Appellant,

v.                                                Case No.  5D17-1899

RICHARD BACON,

        Appellee.

_____/

Opinion filed June 8, 2018

Appeal from the Circuit Court
for Orange County,
Margaret H. Schreiber, Judge.

Tanya M. Plaut, of Law Office of Tanya M.
Plaut, Edgewater, for Appellant.

No Appearance for Appellee.

PER CURIAM.

        Michele Haywood F/K/A Michele Bacon (Mother) appeals the supplemental final judgment modifying child visitation and child support[1] as set forth in the final judgment that dissolved her marriage to Richard Bacon (Father).  Because the trial court failed to

---

[1] Mother does not dispute the trial court's findings and rulings as to child support. Accordingly, those figures should not be revisited unless the trial court determines after further proceedings that it should deny Father's petition for modification.

allow Mother to complete the presentation of her case at the evidentiary hearing, we reverse.

The parties' marriage was dissolved on January 24, 2012. They have three children: D.B., Z.B., and C.B. D.B. reached the age of majority during the proceedings. In the original parenting plan, the parties agreed that the minor children would reside primarily with Mother and would visit Father on alternate weekends, half of Winter Break, Spring Break, and seven weeks during Summer Break. Despite the agreement, D.B. resided primarily with Father.

At some point, D.B. returned to live with Mother. Soon thereafter, Z.B. and C.B. expressed a desire to live primarily with Father. Father filed a supplemental petition to modify the final judgment of dissolution alleging that a substantial change in circumstances had occurred since the entry of final judgment. His allegations were based primarily on serious behavioral issues and the minor children's performance at school. Mother filed an answer and counter-petition, denying Father's allegations. A Guardian Ad Litem (GAL) was appointed to represent the minor children. After conducting an investigation and meeting with all of the parties involved, the GAL filed her report recommending that the children reside primarily with Father.

Thereafter, the parties, with the assistance of the appointed GAL, entered into an agreement modifying the parenting plan by agreeing that the two minor children should reside primarily with Father. The agreement resolved the parenting plan issues presented in the parties' respective petitions for modification.

Although the minor children, ages fifteen and seventeen, initially expressed a desire to reside with Father, they changed their minds after their parents agreed to the

new parenting plan.[2] As a result, Mother, with the assistance of new counsel, filed a motion to set aside the new parenting plan, arguing, *inter alia*, that she was coerced into agreeing to the new parenting plan by her former counsel and the GAL. Following an evidentiary hearing, the trial court denied her motion. However, because Mother no longer believed that the new parenting plan was in the children's best interest, the trial court conducted an evidentiary hearing to make that determination.

At the hearing, the trial court terminated the proceedings during Mother's cross-examination of the GAL and failed to permit her to present rebuttal evidence. This was error. Entering a final order without allowing a party to complete presenting evidence generally constitutes a denial of due process. Bielling v. Bielling, 188 So. 3d 980, 981 (Fla. 1st DCA 2016) (citing Julia v. Julia, 146 So. 3d 516, 520 (Fla. 4th DCA 2014) ("Even if [a] trial court believes that recalling . . . witnesses would not make any further impression on the court, it [is] still required to allow the [party] to present [his/her] case fully . . . .")); Cole v. Cole, 159 So. 3d 124, 125–26 (Fla. 3d DCA 2013), as corrected (Dec. 18, 2013) (reiterating that the "right to be heard includes the right to 'introduce evidence at a meaningful time and in a meaningful manner.'" (quoting Baron v. Baron, 941 So. 2d 1233, 1236 (Fla. 2d DCA 2006))); Miller v. Miller, 671 So. 2d 849, 851 (Fla. 5th DCA 1996) (finding trial court erred when it prohibited parties from cross-examining GAL during modification proceeding). Thus, we reverse the supplemental final judgment of modification as to the parenting plan and remand for further proceedings.[3] In all other respects, we affirm.

---

[2] Despite the minor children's change of heart, the GAL filed a second report maintaining her original position.

AFFIRM, in part; REVERSE, in part; and REMAND for further proceedings.

ORFINGER, BERGER and EISNAUGLE, JJ., concur.

---

[3] On remand, we remind the trial court that although it may direct both sides to submit proposed final judgments, it "may not adopt the judgment verbatim, blindly, or without making in-court findings." Rykiel v. Rykiel, 795 So. 2d 90, 92 (Fla. 5th DCA 2000), as amended on reh'g (Feb. 9, 2001), quashed on other grounds, 838 So. 2d 508 (Fla. 2003); accord West v. West, 228 So. 3d 727, 728–29 (Fla. 5th DCA 2017) ([An] "appearance of impropriety exists when the trial judge adopts verbatim one party's one-sided final judgment, especially where the judge did not orally announce findings or rulings during or at the end of trial.").