DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ZANJA WALTERS,**
Appellant,

v.

**RICHARD PETGRAVE,**
Appellee.

No. 4D18-446

[June 13, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Andrea Gundersen, Judge; L.T. Case No. FMCE 2015-015012.

Robin Bresky and Jeremy Dicker of Law Offices of Robin Bresky, Boca Raton, for appellant.

Steven S. Guekjian and Crystal C. Roland of Roland Guekjian, P.A., Miami, for appellee.

GERBER, C.J.

The mother appeals from the circuit court's final judgment establishing paternity, timesharing, and child support. The mother raises multiple grounds, including that the circuit court denied the mother's due process rights by precluding her from presenting her case-in-chief at the final hearing. We agree with this argument, reverse the final judgment, and remand for completion of the final hearing to allow the mother to present her case-in-chief.

We recognize that the circuit court set a limited amount of time for the hearing and endeavored to balance both sides' time allotment. However, "[d]ue process requires that a party be given the opportunity to be heard and to testify and call witnesses on the party's behalf . . . and the denial of this right is fundamental error." *Julia v. Julia,* 146 So. 3d 516, 520 (Fla. 4th DCA 2014) (citation omitted).

*Julia* is instructive. In *Julia,* we summarized our findings and conclusions as follows:

The record clearly evidences a pattern of depriving the Wife of her opportunity to be heard and present her case throughout the trial. Although the trial court made statements that the parties would be given equal time and that the Wife would get the opportunity to present her case-in-chief, no such opportunity was presented. The Wife was not able to call any witnesses on her behalf or present argument of counsel at the end of the Husband's case in violation of the guarantees of due process.

Additionally, this Court has recognized that justice cannot be "administered arbitrarily with a stopwatch," yet that is what happened in the instant case. Throughout the hearing, the trial court made it clear that it intended to complete the trial in one day without going much beyond 5:00 p.m. Although this goal is not inherently violative of due process, summarily shortening proceedings can give rise to a due process violation when they fail to afford a party a full, fair, and meaningful opportunity to be heard, such as in this case where the Wife was severely restricted in time to examine witnesses, to call any of her own witnesses, or to make any argument as to the evidence presented.

*Id.* (internal citation omitted).

*Julia* is slightly distinguishable from the instant case. Here, when the parties exceeded the initial one day allotment for the final hearing, the circuit court appropriately scheduled a second day to attempt to complete the final hearing. And on that second day, the circuit court gave both parties an opportunity to present closing arguments. However, on that second day, despite the court having stated repeatedly that the mother would have the opportunity to present her case-in-chief, the circuit court ultimately stated that due to its time limitations, the mother would not have the opportunity to present her case-in-chief, and instead would be limited to presenting closing argument.

This was error. "Even if [a party's] evidence would not have impressed the court, *a party has the right to present evidence* and to argue the case at the conclusion of all the testimony." *Minakan v. Husted,* 27 So. 3d 695, 699 (Fla. 4th DCA 2010) (emphasis added).

Although a harmless error analysis does not apply to the fundamental error of a due process violation, we can say from our review of the record

that the violation was not harmless. The circuit court, in announcing its findings, stated "there was not sufficient testimony" regarding certain financial issues, and the court "didn't hear any testimony" from the mother about the child's school and health issues. In the final judgment, the court echoed its oral findings by writing "there was no testimony from the Mother" to contradict the father's allegation's regarding school and health issues. Based on the court's precluding the mother from presenting her case-in-chief, it is unknown whether the mother could have presented testimony which may have addressed these issues.

Based on the foregoing, we reverse the final judgment, and remand for completion of the final hearing to allow the mother to present her case-in-chief. After the mother completes her case-in-chief, both parties shall be provided a meaningful opportunity to present closing arguments. *Julia*, 146 So. 3d at 520.

As for the mother's other arguments on appeal, we note that, on remand, the mother may renew her attempt to use charts and summaries to establish the father's income, provided that the mother complies with section 90.956, Florida Statutes (2017), and provided that the summaries are not otherwise objectionable. The mother's remaining arguments, challenging certain findings in the court's final judgment, are moot given our reversal of the final judgment on due process grounds.

*Reversed and remanded.*

GROSS and CONNER, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***