# Third District Court of Appeal

## State of Florida

Opinion filed May 22, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-0012
Lower Tribunal No. 17-4574
_____

**David Pena,**
Appellant,

vs.

**Leydis Rodriguez,**
Appellee.

An appeal from the Circuit Court for Miami-Dade County, George A. Sarduy, Judge.

Martinez-Scanziani & Associates Law, P.A., and Denise Martinez-Scanziani, for appellant.

Francisco J. Vargas, P.A., and Francisco J. Vargas; Giel Family Law, P.A., and Michael M. Giel, (Jacksonville), for appellee.

Before FERNANDEZ, LOGUE, and MILLER, JJ.

MILLER, J.

The father, David Pena, appeals a final judgment of paternity adjudicating issues of parental responsibility, timesharing, and child support. For the reasons set forth below, we conclude that the trial court improvidently relied upon proffered evidence in rendering the final judgment, thereby divesting the father of his procedural due process rights, thus, we reverse.

In 2010, the mother, Leydis Rodriguez, gave birth to a son. Although the mother was unmarried at the time, the father held himself out to be, and was recognized by all concerned as being, the natural father of the child. Accordingly, the parties amicably arranged an informal visitation schedule and the father provided intermittent child support.

The parents' relationship eventually deteriorated, and in 2017, the father filed a petition for determination of paternity.[1] Thereafter, the mother filed an answer and counterpetition. Although paternity was not disputed, issues of parental responsibility, timesharing, and child support required resolution by the trial court. A court-ordered mediation was arranged, but the father failed to appear. Consequently, the trial court struck his pleadings and scheduled a final hearing on the remaining contested issues, as framed in the mother's counterpetition.

---

[1] The father is not an attorney and acted pro se in the proceedings below.

At the final hearing, the trial court expended valiant, yet unsuccessful efforts to effect a mutually agreed resolution of the disputed issues. The mother's counsel informally proffered the substance of her case. The father then addressed the court regarding his timesharing and employment history.[2] Thereafter, the proceedings concluded without a settlement or any presentation of evidence. The trial court subsequently rendered a final judgment, adjudicating the issues of parental responsibility, timesharing, and child support. This appeal ensued.

On appeal, the father contends the trial court erroneously relied solely upon proffered evidence in rendering its final judgment of paternity. The mother asserts that a stipulation of settlement was tacitly reached, vitiating the necessity of presenting evidence. However, she commendably and properly confesses error as to "the final judgment's provision granting [her] ultimate responsibility over all decisions affecting the child should the parties be unable to agree." Fazzaro v. Fazzaro, 110 So. 3d 49, 51 (Fla. 2d DCA 2013).

**STANDARD OF REVIEW**

A "trial court has broad discretion in child custody matters, and its decision in that regard is [typically] reviewed for an abuse of discretion." Miller v. Miller,

---

[2] The father was not administered an oath prior to addressing the trial court. See § 90.605(1), Fla. Stat. (2018) ("Before testifying, each witness shall declare that he or she will testify truthfully, by taking an oath or affirmation . . ."); Houck v. State, 421 So. 2d 1113, 1116 (Fla. 1st DCA 1982) ("An unsworn witness is not competent to testify.") (citing Crockett v. Cassels, 95 Fla. 851, 116 So. 865 (1928)).

842 So. 2d 168, 169 (Fla. 1st DCA 2003) (citations omitted); see Turnier v. Stockman, 139 So. 3d 397, 400 (Fla. 3d DCA 2014) ("We review the trial court's final judgment establishing a parenting plan for an abuse of discretion." (citations omitted)); Smith v. Smith, 872 So. 2d 397, 398 (Fla. 1st DCA 2004) (stating a "trial court's imputation of income," for purposes of determining a parent's child support obligation, is reviewed "for abuse of discretion" (citation omitted)). "An abuse of discretion appears when the record reveals a lack of competent, substantial evidence to sustain the findings of the trial court." Richardson v. Richardson, 442 So. 2d 1005, 1005 (Fla. 3d DCA 1983) (citation omitted); see Schwieterman v. Schwieterman, 114 So. 3d 984, 987 (Fla. 5th DCA 2012). We review a claim of deprivation of procedural due process de novo. A.B. v. Fla. Dep't of Children & Family Servs., 901 So. 2d 324, 326 (Fla. 3d DCA 2005); see also Beroes v. Fla. Dep't of Revenue ex rel. Palacios, 958 So. 2d 489, 492 (Fla. 3d DCA 2007) (discussing that where the issue was decided as a matter of law, and did not involve the resolution of any question of fact, review was de novo).

## LEGAL ANALYSIS

"No State shall . . . deprive any person of life, liberty, or property, without due process of law . . ." Amend. XIV, § 1, U.S. Const.; see Art. I, § 9, Fla. Const. "The constitutional guarantee of due process requires that judicial decisions be reached by a means that 'preserves both the appearance and reality of fairness.'"

4

Verizon Bus. Network Servs., Inc. v. Dep't of Corr., 988 So. 2d 1148, 1151 (Fla. 1st DCA 2008) (citation omitted).  Basic due process requires a party be provided notice and a meaningful opportunity to be heard, the denial of which constitutes fundamental error.  See Nationstar Mortg., LLC v. Weiler, 227 So. 3d 181, 184-85 (Fla. 2d DCA 2017); Slotnick v. Slotnick, 891 So. 2d 1086, 1089 (Fla. 4th DCA 2004) (citation omitted).   The guarantee of due process is implicated in determinations involving paternity and child support.  See Little v. Streater, 452 U.S. 1, 5, 101 S. Ct. 2202, 2205, 68 L. Ed. 2d 627 (1981) (noting the federal due process clause ordinarily guarantees an evidentiary hearing to a defendant in a paternity action); Walters v. Petgrave, 248 So. 3d 1202 (Fla. 4th DCA 2018) (reversing a final judgment establishing paternity, timesharing, and child support where the mother was denied her due process rights by being precluded from presenting her case-in-chief at the final hearing).

"One of the basic elements of due process is the right of each party to be apprised of all the evidence upon which an issue is to be decided, with the right to examine, explain or rebut such evidence."  Matter of SAJ, 942 P.2d 407, 410 (Wyo. 1997) (citation omitted).  Of particular significance is the right to cross-examine, as "[t]he partiality of a witness is subject to exploration at trial, and is 'always relevant as discrediting the witness and affecting the weight of his testimony' . . . the exposure of a witness' motivation in testifying is a proper and

5

important function of the constitutionally protected right of cross-examination." Davis v. Alaska, 415 U.S. 308, 316-17, 94 S. Ct. 1105, 1110, 39 L. Ed. 2d 347 (1974) (internal citation omitted); see Goldberg v. Kelly, 397 U.S. 254, 269, 90 S. Ct. 1011, 1021, 25 L. Ed. 2d 287 (1970) ("In almost every setting where important decisions turn on questions of fact, due process requires an opportunity to confront and cross-examine adverse witnesses." (citations omitted)).

In recognition of our binary, common law system of adversarialism, the argument or proffer of counsel, not rendered under oath, absent a clear stipulation, does not constitute admissible evidence. See Matrix Sys., Inc. v. Odebrecht Contractors of Fla., Inc., 753 So. 2d 652 (Fla. 3d DCA 2000) ("In the absence of a clear stipulation of counsel, argument of counsel alone does not constitute evidence from which the trial court can determine the propriety, vel non, of granting injunctive relief." (quoting Brand v. Elliott, 610 So. 2d 37, 38 (Fla. 5th DCA 1992))); State v. T.A., 528 So. 2d 974, 975 (Fla. 2d DCA 1988) ("[R]epresentations by counsel not made under oath and not subject to cross-examination, absent a stipulation, are not evidence." (citation omitted)). Accordingly, the reliance upon the representations of counsel, in an evidentiary context, undermines procedural due process guarantees by divesting the opposing party of a full, fair, and meaningful opportunity to be heard. See Haywood v. Bacon, 248 So. 3d 1254, 1256 (Fla. 5th DCA 2018) (reversing a final judgment of

6

modification as to a parenting plan, holding it was a denial of due process to enter a final order without allowing the mother to complete a cross-examination and present rebuttal evidence at an evidentiary hearing to determine the best interest of the children); Bielling v. Bielling, 188 So. 3d 980, 981 (Fla. 1st DCA 2016) (reversing an order establishing a new parenting plan and suspending the father's child support obligation, finding the trial court's "entry of an order without allowing the parties to complete presenting evidence and argument constituted a denial of due process." (citations omitted)).

Here, the mother concedes that her presentation at the final hearing was restricted to the representations of counsel. Nonetheless, she contends the father waived an objection to the deficiency of the proceeding, as the court effectively negotiated an informal settlement between the parties. Although we are cognizant of the efforts expended by the trial court in seeking an efficient and conciliatory resolution of the matter, we are unpersuaded by this argument, as the record reflects the father repeatedly expressed his vehement disagreement with the characterization of the proffered evidence and the informal procedure employed by the trial court at the final hearing. In any event, "[a] denial of [procedural] due process constitutes fundamental error that may be raised for the first time on appeal." Chiu v. Wells Fargo Bank, N.A., 242 So. 3d 461, 464 (Fla. 3d DCA 2018) (citations omitted).

**CONCLUSION**

We conclude the trial court deprived the father of procedural due process in relying solely upon the representations of counsel in support of its determinations of parental responsibility, timesharing, and child support.  See Julia v. Julia, 146 So. 3d 516, 520-21 (Fla. 4th DCA 2014) (holding that the wife was "denied a full, fair, and meaningful opportunity to be heard" at a final hearing, where the wife was not allowed to fully present her case); see also Minakan v. Husted, 27 So. 3d 695, 699 (Fla. 4th DCA 2010) ("Even if [a party's] evidence would not have impressed the court, a party has the right to present evidence and to argue the case at the conclusion of all the testimony." (citation omitted)).  Accordingly, we reverse final judgment of paternity and remand for a new adjudicatory hearing.[3]

Reversed and remanded.

---

[3] In recognition of tenets of judicial restraint, we do not reach the remaining assignments of error.  See PDK Labs., Inc. v. U.S. D.E.A., 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J. concurring) ("[I]f it is not necessary to decide more, it is necessary not to decide more.").