# Third District Court of Appeal

## State of Florida

Opinion filed June 2, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0473
Lower Tribunal No. 17-12360
_____

**Stephanie Orozco,**
Appellant,

vs.

**Carlos Rodriguez-Amadeo,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Cain & Snihur, LLP and May L. Cain, for appellant.

Law Office of Richard F. Joyce, P.A., and Richard F. Joyce, for appellee.

Before LOGUE, LINDSEY and LOBREE, JJ.

LOBREE, J.

Stephanie Orozco (the "wife") appeals from the trial court's non-final

order modifying timesharing and temporarily giving sole parental

responsibility of their child to Carlos Rodriguez-Amadeo (the "husband"). Finding merit in the wife's due process challenge, we reverse.[1]

The underlying dissolution proceedings began in 2017. On January 28, 2020, the husband filed a verified emergency motion to suspend the wife's timesharing with their child. The same day, the wife's counsel moved for leave to withdraw, with consent of her client. The next day, the court granted the withdrawal and directed the wife to obtain new counsel within thirty days or advise it that she was representing herself. The following day, counsel for the husband noticed a status conference and hearing on his emergency motion for February 10, 2020.

On February 10, 2020, the trial court conducted an evidentiary hearing on the husband's "emergency" motion to suspend the wife's timesharing and for other relief, which alleged that the wife was interfering with the husband's reunification with the child, in part, by coaching the child into making serious accusations of abuse by the husband to others. While the husband was represented by counsel, the wife appeared pro se at the hearing. After taking the testimony of the guardian ad litem, the court-appointed psychologist in charge of reunification, and the wife, the trial court found that the wife was

---

[1] Given our disposition of the due process claim, we decline to reach and express no view on the alternative arguments raised.

interfering with its attempts to reunify the husband and the child by coaching the child to make egregious accusations. The wife contends that the trial court denied her due process in conducting the hearing without affording her a meaningful opportunity to present her case.

"We review a possible violation of due process *de novo.*" Julia v. Julia, 146 So. 3d 516, 520 (Fla. 4th DCA 2014). "The constitutional guarantee of due process requires that judicial decisions be reached by a means that 'preserves both the appearance and reality of fairness.'" Pena v. Rodriguez, 273 So. 3d 237, 240 (Fla. 3d DCA 2019) (quoting Verizon Bus. Network Servs., Inc. v. Dep't of Corr., 988 So. 2d 1148, 1151 (Fla. 1st DCA 2008)). It is a guarantee implicated in timesharing proceedings, affording parties "a meaningful opportunity to be heard," as well as "the right . . . to be apprised of all the evidence upon which an issue is to be decided, with the right to examine, explain or rebut such evidence." Pena, 273 So. 3d at 240 (quoting Matter of SAJ, 942 P.2d 407, 410 (Wyo. 1997)).

Despite our conviction that the trial court acted at all times with the best of intentions, the record reflects that the wife was not given a meaningful opportunity to cross-examine all of the husband's witnesses and to call her own witnesses, who had been previously sworn in and stood ready outside the courtroom. Asking the wife only once during the husband's presentation

3

of his case for her response to what she had heard so far (whereupon she gave her testimony), the trial court then interrupted her to ask about and hear other witnesses for the husband. The wife subsequently attempted to rebut the testimony of one of the husband's witnesses, but the trial court interrupted her and immediately issued a ruling depriving the wife of the opportunity to present additional evidence.

These procedural shortcomings constituted reversible error. See Cole v. Cole, 159 So. 3d 124, 125 (Fla. 3d DCA 2013) (trial court abused its discretion and violated father's right to due process in ruling without giving him opportunity to present evidence); Munoz v. Salgado, 253 So. 3d 87, 88 (Fla. 3d DCA 2018) (granting certiorari and quashing order entered where trial court halted proceedings, denied pro se father's motion to continue and did not allow him to finish his cross-examination of mother, testify, or present evidence); Julia, 146 So. 3d at 520-21 (reversing where wife was not able to call witnesses on her behalf or present argument of counsel at end of husband's case in violation of due process); Minakan v. Husted, 27 So. 3d 695, 699 (Fla. 4th DCA 2010) ("Even if the wife's evidence would not have impressed the court, a party has the right to present evidence and to argue the case at the conclusion of all the testimony."); Haywood v. Bacon, 248 So. 3d 1254, 1256 (Fla. 5th DCA 2018) (trial court erroneously terminated

4

proceedings during mother's cross-examination of guardian ad litem and failed to permit her to present rebuttal evidence); Bielling v. Bielling, 188 So. 3d 980, 981 (Fla. 1st DCA 2016) ("The trial court's entry of a final order without allowing the parties to complete presenting evidence and argument constituted a denial of due process.").

While it is true that courts may "enter a temporary modification of timesharing without holding a full hearing . . . such circumstances are typically limited to cases, for example, where there is a risk of physical harm to the child or where the child is about to be improperly removed from the state." Munoz, 253 So. 3d at 89. Here, despite the caption of the husband's motion, "there are no allegations of an emergency that would justify violating the [wife's] due process rights." Aiello v. Aiello, 869 So. 2d 22, 23 (Fla. 2d DCA 2004).

Accordingly, we reverse the trial court's order and remand for a new hearing on the husband's motion as soon as practicable. Because we recognize that the child has been living with her father since the issuance of the order, and we are reluctant to further disrupt these arrangements, we uphold the order to maintain the status quo until a new hearing is conducted. See Wolfson v. Wolfson, 173 So. 3d 1146, 1146-47 (Fla. 3d DCA 2015).

Reversed and remanded for further proceedings.