# Third District Court of Appeal

## State of Florida

Opinion filed July 21, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-767
Lower Tribunal No. 20-12067
_____

**Nitza Soledad Perez,**
Appellant,

vs.

**Matthew A. Maldonato,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Stacy D. Glick, Judge.

Ross & Girten, Lauri Waldman Ross and Theresa L. Girten; Raquel A. Rodriguez & Assoc., and Raquel A. Rodriguez, for appellant.

Matthew A. Maldonato, in proper person; Dream Team Law, Vanessa E. Dream and Ana C. Berenguer, for appellee.

Before FERNANDEZ, C.J., and MILLER, and BOKOR, JJ.

FERNANDEZ, C.J.

Nitza Soledad Perez ("Perez") appeals the trial court's non-final order granting temporary timesharing in favor of Matthew A. Maldonato ("Maldonato"). We have jurisdiction to review non-final orders on the rights or obligations of a party regarding child custody or timesharing under a parenting plan. Fla. R. App. P. 9.130(a)(3)(C)(iii). Because the trial court improperly made a factual determination at a hearing on a motion to dismiss and denied Perez proper notice and an opportunity to present evidence, we reverse the order and remand for the court to conduct a proper evidentiary hearing.

This case concerns a paternity action in which Maldonato sought parental rights and timesharing of a nine-month-old child conceived through in vitro fertilization (IVF). Perez and Maldonato engaged in a romantic relationship for over a year that terminated in approximately October 2019. During this time, the parties entered into a contract to have a child through IVF. The insemination occurred in September 2019, and the child was born on June 29, 2020. Maldonato filed for paternity on August 11, 2020, asserting parental rights on the basis that he and Perez, the mother, were a "commissioning couple" under Chapter 742, Florida Statutes (2020). Perez, however, alleged that Maldonato was simply a sperm donor and

2

consequently relinquished any parental rights. Perez filed a motion to dismiss Maldonato's petition to determine paternity.

Perez was not present at the hearing on the motion to dismiss, which was scheduled as a thirty-minute non-evidentiary hearing. During the hearing and without prior notice, the trial court requested Perez's counsel to locate Perez and ask her to join the hearing. Once Perez joined the hearing, the trial court sought to hear from both parties on the issue of whether they were a commissioning couple. Although Perez made no formal objection to the trial court conducting an evidentiary hearing without notice, Perez's counsel stated that the hearing on the motion to dismiss was intended to be non-evidentiary and requested a separate hearing to determine whether the parties were a commissioning couple. The trial court denied this request and proceeded with the hearing.

After hearing testimony from Maldonato and Perez, the trial court held that the IVF contract, coupled with the fact that the parties were together at the time of insemination, indicated that the parties were a commissioning couple. The trial court awarded Maldonato parental rights and denied the motion to dismiss. At a subsequent hearing on Maldonato's motion for temporary timesharing, Perez's counsel maintained that the court had taken "very limited testimony and made limited findings" at the hearing on the

3

motion to dismiss and that Perez had not been given the opportunity to present evidence or witnesses. Counsel further argued that the court could not have made findings at a non-evidentiary hearing on the motion to dismiss. The trial court then declined to revisit the issue of whether Perez and Maldonato were a commissioning couple and awarded Maldonato temporary timesharing.

On appeal, Perez contends that the trial court violated due process when it awarded timesharing to Maldonato after determining contested parental rights, without notice, at a non-evidentiary hearing on a motion to dismiss.

A trial court's order on timesharing is typically reviewed for an abuse of discretion. Trainor v. Cisneros, 276 So. 3d 371, 372 (Fla. 3d DCA 2019). Although trial courts are given broad discretion in matters of child custody, claims of deprivations of procedural due process are reviewed *de novo*. Pena v. Rodriguez, 273 So. 3d 237, 239-40 (Fla. 3d DCA 2019). A trial court's interpretation and application of Florida law is reviewed *de novo*. Brigham v. Brigham, 11 So. 3d 374, 381 (Fla. 3d DCA 2009).

Due process requires a party be given notice and a meaningful opportunity to be heard. Pena, 273 So. 3d at 240. A denial of either constitutes fundamental error. Id. at 240. The purpose of a hearing on a

4

motion to dismiss is "to test the legal sufficiency of the complaint, not to determine factual issues." The Fla. Bar v. Greene, 926 So. 2d 1195, 1199 (Fla. 2006). On review of a motion to dismiss, the trial court is confined to the four corners of the complaint. See Chodorow v. Porto Vita, Ltd., 954 So. 2d 1240, 1242 (Fla. 3d DCA 2007).

We agree that the trial court violated due process because it did not provide Perez with notice of an evidentiary hearing and a meaningful opportunity to be heard. The trial court went beyond simply testing the legal sufficiency of Maldonato's petition and impermissibly determined that Maldonato and Perez were a commissioning couple under section 742.14, Florida Statutes (2020), a conclusion that would have required taking evidence in a properly noticed evidentiary hearing.

In Pinnock v. Whyte, 209 So. 3d 71, 72-73 (Fla. 3d DCA 2016), this Court reversed a final judgment of paternity made where the trial court expanded the scope of a scheduled status conference without notice and turned it into a final hearing. In the present case, the trial court similarly expanded the scope of a non-evidentiary hearing on a motion to dismiss. Perez was denied the opportunity to present evidence and witnesses at a properly noticed evidentiary hearing regarding parental rights. "'The failure to give a party the chance to present witnesses or testify violates this

fundamental right' of 'a full and fair opportunity to be heard in judicial proceedings.'" Julia v. Julia, 146 So. 3d 516, 521 (Fla. 4th DCA 2014) (quoting Cole v. Cole, 159 So. 3d 124, 125 (Fla. 3d DCA 2013)).

Accordingly, we reverse and remand for further proceedings.

Reversed and remanded.