# Third District Court of Appeal
## State of Florida

Opinion filed February 1, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1688
Lower Tribunal No. 19-11545
_____

**Michelle Saenz,**
Petitioner,

vs.

**Roberto Sanchez, III,**
Respondent.

A Case of Original Jurisdiction – Prohibition.

Michelle Saenz, in proper person.

Nancy A. Hass, P.A., and Nancy A. Hass (Fort Lauderdale), for respondent.

Before SCALES, LINDSEY and LOBREE, JJ.

PER CURIAM.

Michelle Saenz petitions this Court for a writ of prohibition following the

trial court's denial of her motion for disqualification. The sworn motion filed below alleged, among other things, that the trial court ordered relief that was not sought by either party and ordered the guardian ad litem and respondent to report acts of two of the parties' minor children to the police. We conclude the motion to disqualify was legally sufficient and grant the petition.

The standard of review of a trial court's determination on a motion to disqualify is de novo. Rodriguez v. Halsall, No. 3D22-2056, 2023 WL 27889, at *1 (Fla. 3d DCA Jan. 4, 2023). "To be legally sufficient, a motion to disqualify must demonstrate some actual bias or prejudice so as to create a reasonable fear that a fair trial cannot be had." Hollywood Park Apartments West, LLC v. City of Hollywood, Florida, No. 4D22-1523, 2023 WL 151312, at *1 (Fla. 4th DCA Jan. 11, 2023) (quoting Downs v. Moore, 801 So. 2d 906, 915 (Fla. 2001) (internal quotation omitted)).

Treating the allegations of fact contained in the motion to disqualify as true, as we must, we conclude that disqualification is warranted. See Hollywood Park Apartments West, LLC, 2023 WL 151312; Wade v. Wade, 123 So. 3d 697, 698 (Fla. 3d DCA 2013). Accordingly, we grant the petition. We withhold formal issuance of the writ, confident that the trial judge will promptly issue an order of disqualification.

Petition granted; cause remanded; writ issuance withheld.